John North and others v. M. L. Swing and others.

A judgment loses its lien and becomes dormant, when no execution has issued thereon for more than a year after its rendition; and it must be revived, in order to authorize the issuing of an execution.

An injunction will be granted, to restrain the enforcement of an execution issued on such dormant judgment; yet, in the same suit, the judgment-creditor may cause the judgment to be revived, as to what is due thereon, if he ask such relief in his answer.

Appeal from Dallas. Tried below before the Hon. Nat. M. Burford.

This was an injunction suit brought by Matthias L. Swing, George W. Barnett, and Alexander Harwood, against John North, John Chase, and Thomas North, on the 30th of July, 1859, to enjoin an execution which had issued on the 21st of April, 1859, upon a judgment in favor of the defendants, against the plaintiffs, for the sum of $865.29, rendered on the 28th day

of January, 1857. No execution had previously issued on the judgment.

A jury was waived, and the cause being submitted to the court, the injunction which had been granted, restraining the levy of the execution, was perpetuated. The answer of the defendants admitted the facts above stated, but did not ask a revival of the judgment. The plaintiffs' petition did not deny, that a portion of the judgment was unpaid. Both parties admitted payments on the judgment, previous to the issuing of execution, amounting to $621. There was no statement of facts in the record; and the answer to the bill need not be further stated.

*E. P. Nicholson*, for the appellants.

*G. W. Guess*, for the appellees.

WHEELER, C. J.—As more than a year had elapsed from the rendition of the judgment, and no execution had issued thereon, the judgment had lost its lien, and become dormant. It required to be revived, in order to authorize the issuance of execution. As this was not done, the execution in question was unauthorized, and was therefore rightly enjoined. This will not prevent the plaintiffs in execution, from proceeding to revive their judgment, and have execution. If, in their answer, they had sought a revival of the judgment, it might, perhaps, have been so adjudged in this case. (Cyrus v. Hicks, 20 Texas Rep. 483.) But, upon the case, as presented, there is no error in the judgment, and it is affirmed.

Judgment affirmed.