PETER GABEL v. B. R. McMAHAN.

(No. 578, Tex. L. J., vol. 2, p. 453.)

APPEAL from Harris County. Opinion by WHITE, J.

**§ 716.** *Dormant judgment; execution issued upon.* By failure to issue execution within one year from the date of the rendition of the judgment, the judgment became dormant. The act of November 9, 1866, is not in conflict

with, nor does it abrogate, this rule.   The third section of that act, which provides that "no judgment of a court of record shall become dormant, unless ten years shall have elapsed between the issuance of executions," was only intended to apply to cases where execution had issued in the first instance within twelve months.   [Sampson v. Wyett, 49 Tex. 627; Boggess v. Howard, 40 Tex. 153; Black v. Epperson, 40 Tex. 163; Ayres v. Waul, 44 Tex. 549.]

§ 717. *Injunction the proper remedy against a dormant judgment.*   Injunction is the proper remedy, and will be granted to restrain the enforcement of an execution on a dormant judgment.   [North v. Swing, 24 Tex. 193; Jordan v. Corley, 42 Tex. 284.]

March 5, 1879.                    Reversed and remanded.