## T. G. ODUM ET AL. V. G. W. MENAFEE.

### No. 858.

**1. Homestead—Abandonment—Absence of Seven Years.**

Evidence showing absence of the husband and wife from their homestead, with residence in another state, for a period of seven years, without any evidence of intention to return, will support a finding of abandonment, although they originally left because their house was burned and they were shot at by unknown parties.

**2. Same—Foreclosure of Lien—Joinder of Wife.**

A sale of the homestead under a decree establishing a lien thereon, rendered in an action to which the wife is not a party, and which is based upon an instrument executed by her jointly with her husband, is ineffectual to pass title.

**3. Sale Under Dormant Judgment—Collateral Attack.**

A sale under execution issued upon a dormant judgment is good as against a collateral attack, notwithstanding the fact that the plaintiff in execution was the purchaser at the sale.

ERROR from Shelby. Tried below before Hon. JAMES T. POLLEY.

*Hugh B. Short,* for plaintiffs in error.

*Tom C. Davis,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE.—This suit was brought by defendant in error to recover of plaintiffs in error a tract of land. The petition was in the usual form in trespass to try title, and the answer was a general denial and plea of not guilty. Judgment was rendered for plaintiffs, from which this writ of error is brought.

Odum, in 1887, owned the land in controversy, and, with his wife, occupied it as a homestead. In February, 1887, the two joined in a deed, absolute in form, purporting to convey the land to Menafee, but in fact the instrument was intended merely as a security for money then borrowed by Odum from Menafee. In October, 1887, Menafee instituted suit against Odum, not joining his wife, to recover the land. Odum in his answer alleged the execution of the deed, averred that it was given merely to secure the debt, that the land was homestead and the instrument was therefore void. Menafee replied, asking, should the deed be held a mortgage, that he have judgment for his debt and a foreclosure of the lien to secure it. In that suit judgment was rendered

April 25, 1888, adjudicating that the deed was a mortgage only, and did not pass the title; but that it constituted a lien upon the property to secure the money loaned by Menafee to Odum, that Menafee recover of Odum the sum so loaned, and that the lien be foreclosed and the property sold to pay it. On May 18, 1888, an order of sale was issued upon this judgment, for the sale of the land, which was in all respects regular, except that it described the lien foreclosed by the judgment as a vendor's lien. Under this writ the land was sold by the sheriff and bought by Menafee for $50, which was credited on the judgment. No other process was issued on the judgment until May 5, 1890, when an execution for the balance due was issued against Odum, under which the land was levied upon, sold and again bought by Menafee for $50, which sum was also credited upon the judgment.

Menafee brought this suit July 2, 1891, against Odum and his tenant, to recover the land, relying on the title obtained through the proceedings just stated.

The defendant claims that the judgment foreclosing the mortgage on the land, and the order of sale, and sale thereunder, were void; that, no execution having issued upon the judgment except the void order of sale within a year after its rendition, such judgment was dormant when execution issued in 1890, and that such execution and sale thereunder were void and passed no title to plaintiff; and that the property was all of this time the homestead of himself and family and was not subject to the sale under execution.

The court below held that the judgment of foreclosure, the order of sale and sheriff's deed thereunder were all void, and that plaintiff acquired no right through them; that the judgment for money against Odum was valid, but was dormant when execution issued upon it; that such execution and the sale thereunder were erroneous but not void, and passed a title to the purchaser which could not be collaterally attacked, and finally, that when the execution was levied upon the land, it was not homestead but had been abandoned as such.

In regard to the abandonment, it was shown that, at the date of the deed to Menafee, Odum owned no other land but that in controversy, constituting the homestead; that in September, 1887, some unknown person set fire to his house, and that in a few days thereafter Odum was shot and wounded and his wife was shot at, from ambush, and that, as soon as his wounds permitted, he was carried across the Sabine River into Louisiana, to a point some twenty miles from his place, where he has since remained and now resides with his family. The land has been held for him by tenant. This, with the facts about the litigation above stated, constitutes all that is shown by the record to enable us to determine whether or not there has been an abandonment of the property as a homestead. In order to constitute an abandonment, the act of leaving the property must have been accompanied by an intention not to return to and occupy it as a home; or such intention, if not existing at the time, must have been since formed. The burden of show-

ing an abandonment rests upon the party asserting it. No facts attending the original departure are shown from which such an intention could be inferred. But it is shown that for about seven years the family has remained away from their former home and have resided in another state. As these facts are stated, without explanation or qualification in the record, they seem to imply that Odum and his family have taken up a permanent abode in Louisiana, and there is no evidence of an intention to return, nor any circumstance impairing the force of the fact of residence in Louisiana. The homestead of a person is ordinarily where he resides; and the statement that a party resides at a particular place naturally gives rise to the inference that his home is there. If such residence is temporary merely, and not inconsistent with the existence of a home elsewhere, that fact should be shown, otherwise, the natural inference is to be indulged. Here, there is not only residence in Louisiana, but seven years' absence from the property in question, during which it was being sued for, and levied upon and sold.

These facts, unexplained, were sufficient to justify the court in concluding that, prior to the levy of the execution, the parties had taken up their permanent residence elsewhere and had no intention of re-occupying this property as their home.

As to the law of the case, we conclude; first, that the mortgage from Odum and wife to Menafee was absolutely void. Inge & Boring v. Cain, 65 Texas, 79.

Second. That the decree, in so far as it foreclosed that mortgage, did not have the effect to conclusively establish a lien upon the property, and a sale under it was ineffectual to pass title to the homestead, because the wife was not a party to those proceedings. Campbell v. Elliott, 52 Texas; Thompson v. Jones, 60 Texas, 94; Thompson v. Jones, 77 Texas, 627; Jergins v. Schiele, 61 Texas, 255; Freeman v. Hamblen, 1 Texas Civ. App., 157; Mexia v. Lewis, 3 Texas Civ. App., 118.

Third. Whether or not the issuance of the order of sale within twelve months from rendition of judgment was sufficient to prevent the judgment from becoming dormant, is a question which we need not decide. The judgment for money against Odum was valid, and, conceding that it was dormant when the execution issued, the writ was not, on that account, void, but was sufficient, until set aside, to empower the sheriff to sell property and pass title to the purchaser. The sale, when made, conveyed a title which was good against collateral attack, notwithstanding the fact that plaintiff in execution was the purchaser. Boggess v. Howard, 40 Texas, 153; Ayers v. Duprey, 27 Texas, 593.

It follows that the judgment should be affirmed.

*Affirmed.*

Delivered September 12, 1895.