## W. T. Morris v. J. A. Morgan et al.

### No. 671. Decided May 30, 1898.

**Order of Sale—Possession Not Delivered—Subsequent Writ of Possession**

A decree of foreclosure, rendered in October but with stay of execution till the following February, provided for order of sale and for putting the purchaser in possession within 30 days after sale. In February the order was issued, and was executed and returned as to the sale, but not executed as a writ of possession. Held, that a writ of possession, issued by the clerk in May, without further order of the court, was valid, and justified the sheriff in placing the purchasers in possession, as to defendant in the decree and tenants leasing from him after the decree, to the same extent as if he had done so under the original order of sale. Rev. Stats., arts. 1340, 1341, 2326a. Failure to carry the judgment fully into effect under one writ did not impair plaintiff's right.

Question certified from the Court of Civil Appeals for the Fourth District, on writ of error to Karnes County.

*A. J. Parker* and *Proctors*, for plaintiff in error.—The petition in the original foreclosure suit of H. Runge & Co. v. Green having prayed for a writ of possession, and the original judgment in said foreclosure suit having provided for a writ of possession, H. Runge & Co., as purchasers at said foreclosure sale, became entitled by virtue of the decree of the District Court of Karnes County to be placed in possession of said premises by the sheriff of Karnes County, and the sheriff having omitted to execute the original order of sale in so far as it directed him to place the purchaser at said sale in possession of said premises and said original order of sale, being returnable in sixty days, having become void after said sixty days had elapsed, the said purchasers were entitled to a second writ of possession as against Green, defendant in said judgment, or his privies, the defendant in error; and the court therefore erred in sustaining the exceptions of plaintiff to defendant's answer setting up this second writ of possession, and also erred in declining to admit same in evidence in this cause, and same being valid process legally issued warranted the plaintiff in error, Morris, in executing the same. Rev. Stats., art 1341.

*M. B. Little*, for defendants in error.—The writ offered in evidence was not an order of sale of personal property; the judgment on which plaintiffs in error claim it was based was not a judgment ordering sale of personal property and could not authorize the dispossessing of defendants of personal property, and the growing crop being personal property, said writ could not authorize plaintiff to dispossess defendants of their property and give some other person possession of same; and the writ was offered in evidence for that purpose and was so stated at the time, and is so stated in the bill of exceptions. Rev. Stats., art. 165; Bryan v. Bridge, 6 Texas, 137.

Denman, Associate Justice.—The Court of Civil Appeals have certified to this court the following explanatory statement and question:

"H. Runge & Co. obtained a decree of foreclosure on land against C. C. Green, on October 14, 1896, the decree providing 'that the officer executing the order of sale shall put the purchaser at sale in possession of the premises so sold within thirty days after date of sale;' and further providing that no order of sale or execution should issue before February 1, 1897. After said decree Green leased the land to one Crain, who subleased to appellees Morgan, who planted a crop on the land. On February 2, 1897, the order of sale issued and the same was made on March 2d, H. Runge & Co. becoming the purchasers. This order of sale was returned by the sheriff without having been executed as a writ of possession, but on May 7, 1897, the district clerk, without any further action of the court, issued a writ of possession which recited in substance the decree, the order of sale, that the latter had been executed by the sheriff except as to the matter of placing the purchaser in possession of the land, and had been returned. This writ commanded the sheriff, as he had been previously commanded in the order of sale, to place the purchasers in possession within ten days and to dispossess all persons claiming under the defendant Green. The sheriff enforced this writ on May 17, 1897, by dispossessing the Morgans and delivering the property, crops and all, to Runge & Co. They sue the sheriff for the value of their growing crops of which they were thus deprived.

QUESTION.—"Under the above facts, was the sheriff liable to the Morgans for damages?"

We understand the question to be, was the writ of possession issued May 7, 1897, valid? or in other words, was the sheriff justified thereby in placing Runge & Co. in possession to the same extent as he would have been if he had done so under the original order of sale? We answer this question in the affirmative.

Under articles 1340 and 1341, Revised Statutes, the effect of the judgment of foreclosure, so far as necessary to state here, was (1) that the land should be sold to satisfy the debt; (2) that the purchaser should be placed in possession by the officer making the sale as against Green and all persons claiming under him by any right acquired between the institution of the suit and the full execution of the judgment by delivery of the property, which would include Morgan. In title 41, Revised Statutes, provision is made for the issuance of executions to carry into effect final judgments, and the requisites of such writs are prescribed in such terms as to show an unmistakable purpose that the wording of each writ should be such as to direct the officer what he should do in order to execute the particular judgment. This is in accord with what was said in Lockridge v. Baldwin, 20 Texas, 307: "A writ of execution is the embodied power of the court, in the shape of a command to a ministerial officer, respecting the rights of the parties to the judgment; and imposing upon the officer certain duties and liabilities prescribed by law. The writ must assume shape with reference to those rights, duties, and liabilities, thus prescribed." It follows that Runge & Co. were entitled to a writ of

execution on said judgment of foreclosure directing both the sale of the land and the delivery of the possession as against Green and Morgan. If the clerk had issued a writ only directing a sale, and if it be conceded that under such writ the sheriff could not have delivered possession to the purchaser, then clearly they would have been entitled to another writ directing him to deliver the possession, for it would then have taken both writs to fully execute the judgment. If the sheriff had returned the order of sale not executed, the judgment not being dormant, it would have been the duty of the clerk under article 2326a, Revised Statutes, to have issued another execution, and since he returned it executed in part and not executed in part, the clerk performed his duty by issuing another writ reciting the facts showing how far, by virtue of the writ issued and returned, the judgment had been executed, and directing the officer to execute the balance of the judgment. The judgment adjudicated the right of Runge & Co. to have the things therein specified done, and the law gave them the right to all such writs as might become necessary to effectuate or fully execute such judgment. While it might have been better to have carried the judgment fully into effect under one writ, we see no reason for holding that the failure to do so in any way impaired plaintiff's rights thereunder.