STELLA J. BLUDWORTH ET AL. v. IRENE T. POOLE ET AL.

Decided October 19, 1899.

**1. Judgment Held Void.**

Where a judgment for plaintiff in an action of debt recites no amount, and there is nothing in the record by which the defect can be supplied, it is a nullity, and its entry does not invalidate a proper judgment subsequently rendered in the case at the same term.

**2. Same—Directing Issuance of Execution.**

A judgment is not invalid because it does not direct the issuance of execution, since the right to have execution thereon follows as a matter of law.

3.   Same—Revival.

Where the judgment rendered in an action to revive a dormant judgment did not state that such former judgment was thereby revived, but gave the plaintiff judgment for the amount of the former judgment, and decreed that the latter judgment should be substituted for and take the place of the dormant judgment, this was sufficient.

4.   Same—Revival by Assignee.

Nor was the validity of the revival affected, the attack thereon being collateral, by the fact that the judgment was thus revived in the name of the original plaintiff in a proceeding to revive brought by an assignee of the judgment.

5.   Execution Sale—Return—Appraisement.

An execution sale is not rendered invalid, the attack being collateral, by the fact that the sheriff making it failed to append the appraisement of the land to his return, though it be conceded that this was an irregularity.

6.   Sheriff's Deed—Description of Land in Levy.

A sheriff's deed of the W. headright league is not rendered invalid by the fact that the return of the levy of execution described it as the "Tide Haven Tract," where the evidence shows that it was known by that name; nor by the fact that the deed excepts 177 acres of the league, describing the excepted part by metes and bounds.

7.   Same—Trespass to Try Title—Community Interest.

Where the title to land was in W., and it was sold under execution against him, parties who afterwards sue for the land as the heirs of W. and his wife can not assert the wife's community interest by objection to the admission in evidence of the execution deed on the ground that it did not convey her interest.

8.   Community Interest of Wife—Proof Insufficient.

A claim by heirs of the wife for her community interest in land acquired by the husband is not sustained where it appears that she was the second wife, and the date of the acquisition of the land and of her death is not shown.

APPEAL from Matagorda. Tried below before Hon. WELLS THOMPSON.

*R. C. & J. W. Gaines,* for appellants.

*Hamilton & Carpenter,* for appellees.

GILL, ASSOCIATE JUSTICE.—This suit was brought by appellants in the ordinary form of trespass to try title, the property involved being 463 acres of land, a part of the J. W. E. Wallace headright league in Matagorda County; the husbands of the real claimants, Stella J. Bludworth and Hattie Stafford, being joined by plaintiffs pro forma. The appellees, Irene T. Poole and T. J. Poole, Jr., answered by pleas of not guilty, the several statutes of limitation, stale demand, and by deraigning their title through sheriff's sale under a judgment against appellants' ancestor, and mesne conveyances from the purchaser at such sale. They prayed for judgment for the land and quieting of title.

Appellants, in reply to the plea of limitation, pleaded coverture of Stella J. Bludworth and Hattie Stafford. The cause was tried by the court without a jury and resulted in a judgment for appellees.

The undisputed facts briefly stated are as follows: The land in controversy is part of the headright league granted to J. W. E. Wallace. Appellants are the sole heirs at law of J. W. E. Wallace and his wife, Harriet Wallace, being the daughters of William Wallace, and son of J. W. E and Harriet Wallace. J. W. E. Wallace died in Columbus, Colorado County, Texas, in 1877, where he had resided for thirty-six years.

His wife, Harriet, died some time between 1840 and 1850, while her son William was an "infant." Neither the date of her marriage to J. W. E. Wallace nor the date of her death is definitely fixed. Nor does the evidence disclose the age of William Wallace, who died in 1862.

Stella J. Bludworth has been a feme covert since 1872, and Hattie Stafford since 1878. On August 1, 1837, J. W. E. Wallace executed and delivered to John Duncan four promissory notes for amounts aggregating $11,110. Upon these suit was brought in the District Court of Matagorda County, and on October 15, 1840, judgment was rendered thereon in favor of Duncan against J. W. E. Wallace for the amount of the notes and interest, according to their terms, and for costs, there being no other parties defendant, and the number of the cause being 276.

Thereafter this judgment was assigned by Duncan to one Albert Wadsworth, and in 1847 Wadsworth applied in his own name to the District Court of Matagorda County for scire facias to revive said judgment, it having become dormant. To this application was attached the transfer by Duncan to him, and J. W. E. Wallace accepted service, the acceptance being indorsed on the application.

On the 22d of September, 1847, the following judgment was rendered thereon:

"Jno. Duncan v. J. W. E. Wallace.—No. 717.—This cause being called, the same was submitted to the court (etc.) upon the petition, answer, exhibit, and proof, whereupon it is, by reason of the facts and law, ordered, adjudged, and decreed that the judgment named in the petition be and the same is hereby ............., and it is decreed as heretofore decreed on the 15th day of October, 1840, that the plaintiff recover of the defendant the sum of $12,388.27, with interest upon $11,110 from the 5th day of October, 1840, until paid; and further, that defendant pay all cost both of the former suit, the cost of the several executions issued on same, and also of this suit; and it is further ordered that this judgment do take the place of and be and the same is hereby substituted in the place and stead of the said judgment between the said parties as heretofore rendered on said 15th day of October, 1840, upon the records of this court and between the same parties as named in the petition, interest to be calculated at 8 per cent per annum."

On December 9, 1847, at the instance of Wadsworth, execution issued on said last named judgment, in which the judgment is recited as follows:

"Whereas John Duncan, on the 15th day of October, 1840, at our District Court hath recovered against J. W. E. Wallace the sum of $11,-110 principal, and $1278.27 interest till the 5th day of October, 1840, with further interest at the rate of 8 per cent per annum on the principal debt, and $40.77 costs of suit. And whereas, the aforesaid judgment was revived by scire facias at our District Court on the 22d day of September, 1847. These are therefore to command you," etc.

In other respects it was in the usual form. J. W. E. Wallace was the only party defendant in this last proceeding, and John Duncan, the as-

signor, was treated as plaintiff. The return day of the execution was the second Monday in March, 1848. Indorsed on the execution was the following return: "Levied on 300 acres of land on the peninsula off the James Duncan tract, also the Tide Haven tract on Trespalacios, less 177 acres, also the interest of J. W. E. Wallace in and to one league and labor of land known as the Dressing Point tract. It was located under Colonel Perry's headright, was rejected by the traveling board, but will be arraigned at next term of District Court, Matagorda, January 8, 1848."

Advertisement and sale were also duly indorsed thereon, showing appraisement and sale within the terms of the law, and that the sales were for amounts over two-thirds of appraised value, but in description and amounts the return of sale was variant from the levy and from the description in the deed subsequently executed by the sheriff. The sales were made to John Mackay for Albert Wadsworth, and the sheriff subsequently executed a deed to Albert Wadsworth in due and legal form, naming appraisers, reciting the appraisement and the fact that the amount bid and received was more than two-thirds of the appraised value.

The land conveyed in this deed was the "right, title, and interest of J. W. E. Wallace in his headright league known as league No. 39, less 177 acres, on Trespalacios" in said county, the 177 acres excepted being described in the deed by metes and bounds. The price bid amounting to $3840.30, and the number of acres conveyed was 4267. No other land was attempted to be conveyed.

To discredit the judgment rendered in October, 1840, plaintiffs offered over objection of defendants, a record purporting to be a judgment previously rendered at same term of court, and in form and substance as follows:

"John Duncan v. J. W. E. Wallace.—No. 276.—In this cause the plaintiff appeared by his counsel, and the defendant not appearing, judgment was given by default. It is therefore ordered, adjudged, and decreed that plaintiff do recover of defendant the sum of ...... as in his petition claimed, together with interest at the rate of .... per cent per annum from .... day of ...... till paid, and costs of suit."

The appellants perfected this appeal and have assigned numerous errors, but they will not be noticed seriatim, as the disposition of this appeal will depend on the sufficiency of the judgment, execution, levy, and sheriff's deed, exceptions having been reserved and errors assigned raising these questions.

Appellants assail the judgment of revival: First. Because the judgment obtained on October 15, 1840, was rendered in a cause wherein a judgment had already been rendered at the same term, and not set aside. Second. Because it does not award execution. Third. Because it does not in terms order a revival of the original judgment, but substitutes the latter for the former. Fourth. Because revived in the name of the original plaintiff and not of assignee.

We are of the opinion that none of these objections are tenable. That the first judgment by default is a nullity, not having the elements and requisites of a judgment, is too plain for argument or discussion. It recites no amount, nor is there anything in the record by which, were it possible to supply the defect, it could be done. The presumption would also obtain that this attempted judgment by default had been set aside, a complete and final judgment having been rendered in the same case later during the same term of court. 1 Black on Judg., p. 31, sec. 25. That it does not order execution is immaterial, since the privilege to enforce the right adjudicated follows as a matter of law. 1 Black on Judg., sec 4. While not in terms decreeing the revival of the original judgment, it sufficiently indicates the purpose of the court that such should be its effect.

It was properly revived in the name of the original plaintiff and issued to the use of the assignee. If defective, the remedy of defendant therein was by appeal, and the judgment not being void is not open to collateral attack. 1 Black on Judg., sec. 488; Garvin v. Hall, 83 Texas, 299; 55 Texas, 603; McClane v. Rogers, 42 Texas, 214.

The execution sufficiently and accurately describes the original judgment and judgment of revival and is in all respects valid. The validity of the sale thereunder is not affected by the failure of the sheriff to append his return to the appraisement. This being, at most, an irregularity which can not be taken advantage of in a proceeding such as this, nor indeed can any defect in the sheriff's return affect injuriously the title of the purchaser, the return having been made after all the other requisites had been performed. Persons claiming under sheriff's deed need show only valid judgment, execution, and sheriff's deed. House v. Robertson, 34 S. W. Rep., 640; Riddle v. Bush, 27 Texas, 336.

As to the sufficiency of the description in the levy and sheriff's deed so vigorously assailed by appellants, it is sufficient to say that if the sufficiency of the return showing a levy were important, as the question is here presented, it is valid as to the "Tide Haven tract," the evidence showing that the Wallace headright league was known as the "Tide Haven tract." It is amply described in the sheriff's deed as "league No. 39, being the J. W. E. Wallace headright league in Matagorda County," and the 177 acres not conveyed being therein described and set out by metes and bounds.

Appellees are purchasers for value under the vendee at sheriff's sale, and the matters complained of are but irregularities which can not avail appellants to overthrow appellees' title.

The questions of limitation and stale demand, though pleaded, are not raised by the evidence.

The assertion by appellants that the community interest of their grandmother in the property sold did not pass by the sale can not be maintained. This question is sought to be raised by objection to admission of sheriff's deed, but same was admissible to convey the interest of J. W. E. Wallace, and the assignment does not properly raise the

other question. The date of the death of Harriet Wallace is not even approximately shown. The debt upon which the judgment is based was shown to be a community debt and the property was not shown to be community property, nor is it shown whether the grant was made to Wallace during the existence of a former marriage or his marriage with Harriet. So had the question been presented in such a way as to command our notice, objection could not have been sustained.

The doctrines here announced have been so frequently adjudicated, accompanied by discussion and quotation of authorities, that we have contented ourselves with a bare statement of the rules upon the questions presented, citing few authorities. Our notice of the assignments of error indicates that the motion of appellees to suppress appellant's brief, which was taken with the case, has been overruled.

Finding no error in the action of the lower court, the judgment is affirmed.

*Affirmed.*