## J. P. Parker et ux. v. W. L. Moody & Co.

Decided June 20, 1906.

**1.—Land not Exempt as Homestead.**

Appellant lived with his family upon a two-acre lot in the town of B., this State, and had resided there for many years. He was engaged in a land agency business in B. and was also a traveling salesman. He owned a tract of 20 acres of land outside of the limits of the town, which was occupied by tenants who used it for purposes of agriculture and horticulture, paying appellant part of the crop grown on it, which he used at home and sold on the market; neither he nor any member of his family ever lived on the land nor used or occupied it as a home. Held, said 20-acre tract was no part of appellant's homestead, and was therefore subject to execution.

**2.—Dormant Judgment—Sale not Void.**

Although the judgment under which land is sold be dormant, the sale is not void and can not be collaterally attacked.

**3.—Judgment—Collateral Attack.**

This suit, although between the same parties as the one in which the judgment was rendered under which the land was sold, is a collateral attack on such judgment, it being in a different court from that wherein the judgment was rendered.

**4.—Homestead—Rural or Urban.**

One's homestead must be either rural or urban, it can not be partly of one and partly of the other.

Appeal from the District Court of Leon County.  Tried below before Hon. Gordon Boone.

*Boyd, Edwards & Boyd* and *Wm. Watson,* for appellants.

*B. D. Dashiell* and *S. W. Dean,* for appellees.—The court did not err in rendering judgment for W. L. Moody & Co., appellees, for the land in controversy, because the evidence showed that the two acres of land upon which appellants resided constituted their urban homestead, and that the land in controversy was rural, and there could be no blending of appellants' homestead rights so as to give them the benefits of a combined urban and rural homestead.

As testified to by all of the witnesses, the two acres upon which appellants resided at the date of the levy and sale, adjoined the platted portion of the town of Buffalo.  Appellant lived with his family on this two acres; he maintained an office in Buffalo; for a number of years prior to the said levy and sale he was manager for the J. P. Parker Co., a mercantile establishment in the town of Buffalo, and during all these years he lived on this same two acres; he maintained a land office in Buffalo; his dwelling house was within a short distance of the church used for public worship by the town people; was within —— feet of the depot in the town, and dwelling houses of Dr. Haynie, who has an office in town; Cochrane, who is a merchant in town; Wallace, who works for Pearlstone, and a number of other houses as shown by the plot introduced in evidence and agreed to be correct were beyond and further out than the 2 acre lot occupied by appellant.  As many as two churches were lying further out than this 2 acres, and some 12 or 15 negro residences were in a line between the two acres occupied by appellant and the land in controversy.

NEILL, ASSOCIATE JUSTICE.—This is an action of trespass to try title, brought by W. L. Moody & Company, appellees, against J. P. Parker and wife, appellants, to recover a certain tract of land containing about twenty acres situated in Leon County.  The answer of defendants consisted of a plea of not guilty.  The case was tried without a jury and judgment rendered in favor of appellees for the land in controversy.

*Conclusions of Fact.*—On July 9, 1903, appellees recovered a judgment in the County Court of Leon County against the appellant for $390.49, with 6 percent interest thereon from its date.  From this judgment an appeal was prosecuted on a cost bond, without supersedeas to the Court of Civil Appeals, by which court it was affirmed on December 3, 1903.  An execution was issued on the judgment on June 7, 1904, by virtue of which the property in controversy was duly levied on as the property of Parker and sold by the sheriff to appellees, and deed made by him to them on July 8, 1904.

, The real issue in the case is whether the property was a part of appellants' homestead. It is situated in the country, without a fruit orchard, and occupied by tenants who used it for purposes of agriculture and horticulture, appellant J. P. Parker getting a part of the crop grown on it which he used at home and sold on the market. Appellants nor any member of their family ever lived on the land, used or occupied it as a home. But their residence in which they lived, was upon a two-acre lot situated within the limits of the town of Buffalo, the trial judge found as a fact, and there is evidence tending to support such a finding.

Besides the land in controversy, appellants owned several other tracts of land, in all not exceeding two hundred acres, in the country which he rented and used for agriculture purposes.

Parker was not a farmer, but at the time of the levy and sale, was, and had been for some time prior thereto, a traveling salesman or drummer for a drug company. Immediately prior to the time he commenced to pursue the vocation of drummer he was manager of the J. P. Parker Co., which was engaged in a general mercantile business in the town of Buffalo, Texas, and had been conducting such business for three or four years. During that time he lived with his family on the two-acre lot where he has continued to reside ever since. He also had and has a land agency business in the town during the same time, his office. where he conducted and conducts said business being in the same town.

From these facts we conclude that the land in controversy was not, when sold under the execution, and never had been, appellants' homestead or any part thereof; but that his homestead is and was for years prior to such sale upon the two-acre lot where he had his domicile and resides and resided with his family.

*Conclusions of Law.*—While the judgment under which the land was sold was dormant, the sale was not void and could not be collaterally attacked. This suit, although between the same parties as the one in which the judgment was rendered upon which the execution issued under which the land was sold, is a collateral attack on such judgment, it being in a different court from that wherein such judgment was rendered. (Ayers v. Duprey, 27 Texas, 594; Boggess v. Howard, 40 Texas, 153.)

The land, not being appellants' homestead or any part thereof, its sale under the execution and the sheriff's deed thereto to the appellees vested title thereto in them. .

There is no error in the judgment, and it is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

The evidence being sufficient to warrant the conclusion of the trial court that the two-acre lot upon which appellants resided when the land in controversy was levied on and sold was within the town of Buffalo, and it being undisputed that the premises sued for are situated outside of the town, the principle, that a rural homestead may consist of several disconnected parcels of land, not exceeding two hundred acres,

has no application in this case; and renders it immaterial whether Mr. Parker used the land in dispute in connection with his homestead on the two acres or not, or what his business or employment was. One's homestead must be either rural or urban and can not be partly of one and of the other. The motion is overruled.

*Overruled.*