## BAILEY v. JACKSON et al.    (No. 2007.)

(Court of Civil Appeals of Texas. Amarillo. June 28, 1922. Rehearing Denied Oct. 4, 1922.)

**1. Execution ⬅️172(1)—Suit to enjoin enforcement of judgment must be brought in county where judgment rendered, unless the judgment is void.**

A suit to enjoin the execution of a judgment must be brought in the county where the judgment was rendered, and it cannot be brought in the county where the land levied on is located, unless it appears from the pleadings that the judgment on which the execution was based is void.

**2. Vendor and purchaser ⬅️279—Joinder of all the holders of a series of vendor's lien notes when suing upon one is proper.**

It is proper, if not necessary, for a person suing upon one of a series of vendor's lien notes, all of which are due upon a single default, to join the holders of the notes secured by the same lien as parties defendant.

**3. Judgment ⬅️18(2)—In action on lien note judgment for plaintiff and defendant holder of other lien notes valid, though answer of such defendant not served on maker of note.**

In an action on one of a series of vendor's lien notes, all of which became due upon a single default, where the holder of the other notes of the series was joined as party defendant, and by way of answer adopted the prayer of the plaintiff that the joint security be foreclosed and the proceeds from the sale thereof prorated, the judgment rendered was not void for failure to serve notice of the answer on the codefendant and maker of the notes, since it did not inject any new issue into the case, and, without it, the court would have been warranted in entering the same judgment.

Appeal from District Court, Castro County; R. C. Joiner, Judge.

Action by M. T. Bailey against W. D. Jackson and others. From an order sustaining defendants' plea to the venue, plaintiff appeals. Affirmed.

Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellant.

C. E. Gustavus, of Amarillo, for appellees.

BOYCE, J. This suit was brought by the appellant, M. T. Bailey, in the district court of Castro county, to restrain the execution of an order of sale commanding the sale of certain lands in Castro county, issued out of a judgment rendered in the district court of Potter county, Tex., and to enjoin the enforcement of said judgment of the district court of Potter county. A temporary injunction was issued by the district judge of Castro county, and made returnable to that county. A plea to the venue was sustained, and the case ordered transferred to the district court of Potter county, and the appeal is from the judgment sustaining the plea of privilege.

The Potter county judgment was rendered in a suit wherein J. F. Woodward was plaintiff, and John Young, A. D. Jackson, Finis E. Downing, and M. T. Bailey were defendants. Plaintiff Woodward's petition in that case declared on a promissory note executed by M. T. Bailey, payable to John Young and indorsed to plaintiff, Woodward. It was alleged that the note was given as part consideration for and secured by a vendor's lien on certain lands in Castro county, conveyed by A. D. Jackson to M. T. Bailey; that such note was one of a series of seven notes executed by the said M. T. Bailey as part consideration for said land, the payment of all of which was secured by a vendor's lien retained in the deed of conveyance referred to, and that the other notes were payable to and held by A. D. Jackson; that each of said notes contained a provision that in the event of default in the payment of any one of them "the holder of all of said notes, or any of them, shall have and retain the right to declare all of the then unpaid notes of said series of notes immediately due and payable"; that by virtue of this provision and default in the payment of the note held by plaintiff, Woodward, he declares the other notes of the series to be due and payable. The prayer of the petition was that—

Plaintiff have judgment for the amount due on his note and "for a foreclosure of the vendor's lien securing said $1,880 note (plaintiff Woodward's note), as well as said six other notes, with directions to the application of the proceeds of said lands under order of sale to be issued under such decree, and for such other and further relief, both in law and equity, general and special, as the court upon hearing may deem proper in order to preserve and protect the respective rights and interest of the parties," etc.

The defendant Bailey waived the issuance of citation, accepted service, and entered his appearance in such case. Thereafter the defendant A. D. Jackson filed his answer, in which he alleges that—

He is the owner of the six vendor's lien notes described in plaintiff Woodward's petition; "admits the right of plaintiff to declare each and all of said notes due at once and collectible herein, and that in so far as his interest in said notes is concerned, and to the extent of his right to do so, he adopts the prayer of plaintiff that the lien securing all of said notes be foreclosed in this action, to the end that each and all of the notes described in plaintiff's petition be paid, or that the proceeds of the

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sale under the foreclosure sought by the plaintiff may be ratably applied to said notes; and prays, as in plaintiff's petition, that the vendor's lien, securing each and all of said notes, be foreclosed."

No notice of this answer was served on defendant Bailey, and thereafter judgment was rendered without his further appearance. This judgment was a personal judgment in favor of plaintiff, Woodward, against defendant Bailey, and awarded execution for deficiency due Woodward in the event the proceeds received from the foreclosure sale were insufficient to satisfy the judgment in his favor. It ascertained and declared the amount due on the six notes held by defendant A. D. Jackson, and decreed a foreclosure of the vendor's lien on the Castro county land, directing its sale, and the payment of the proceeds of the sale to the plaintiff, Woodward, and the defendant Jackson, to the extent of the respective amounts found to be due them, ratably in the event the proceeds, after payment of costs, were not sufficient to discharge the total amount of such claims. No personal or deficiency judgment was rendered in favor of the defendant Jackson. Thereafter Bailey paid Woodward the amount due him on the judgment, and Jackson and his agents caused order of sale to be issued on the judgment which the sheriff of Castro county was proceeding to execute.

The present suit was brought to enjoin the execution of this order of sale and the enforcement of the judgment above mentioned. Plaintiff alleged that the judgment in favor of Jackson was void because plaintiff, Bailey, was not served with notice of Jackson's "cross-bill," as appellant styles Jackson's answer. Copies of all the pleadings and judgment in the Potter county suit were attached as exhibits to plaintiff's petition in this injunction suit. A number of other facts are also alleged as grounds for relief against said judgment, but as they did not appear in the record in the Potter county suit, it is clear that they furnish no basis for the maintenance of the venue in Castro county, and we need not refer to them.

[1] Appellant's attorneys realize that in order to maintain the venue of the case in Castro county it is incumbent upon them to allege facts which would show that the Potter county judgment is void. Lester v. Gatewood (Tex. Civ. App.) 166 S. W. 393 (7). Their presentation of the case is based on the assumption that the pleading of the defendant Jackson was in the nature of a "cross-bill," setting up new matter in an independent claim against Bailey, and that the judgment of foreclosure, in so far as Jackson's interest in the lien was concerned, has its basis in the "cross-bill." From this premise they argue that no judgment could have been rendered in Jackson's favor without service of notice of the filing of the "cross-

bill." If this assumption be granted, appellant's position is well taken; but the premise is not, in our opinion, established by the record.

[2, 3] It was proper, if indeed not necessary, for the plaintiff, Woodward, in seeking a foreclosure of the lien securing the note upon which he sues, to make the holders of other notes secured by the same lien parties to the suit. Delespine v. Campbell, 45 Tex. 628; Tidwell v. Starr (Tex. Civ. App.) 42 S. W. 779; Willingham v. Huguenin, 129 Ga. 835, 60 S. E. 186; Jones on Mortgages, 1378, 1460. The object of making such other persons parties to such a suit is that the rights of all persons interested in the lien might be ascertained and protected by the judgment, so that there might be but one judgment of foreclosure and one sale under the same lien: Jackson's answer did not bring a new issue into the case. It was in line with the case made by plaintiff's petition. The defendant Bailey was informed by plaintiff's petition that the court would be called upon at the trial to ascertain and adjudicate the rights of all holders of indebtedness, particularly the defendant Jackson, secured by this one lien, and to decree a foreclosure of such lien and sale of the land in satisfaction thereof. The court would have been warranted in entering the judgment that was entered in this case, in the absence of any pleading by the defendant Jackson, and there was no necessity for service of any further notice upon the defendant Bailey on filing of Jackson's answer. The judgment followed the case made by the plaintiff's pleading, and we do not think it is void.

Affirmed.