## LINDSEY v. B. F. AVERY & SONS PLOW CO.  (No. 57.)

(Court of Civil Appeals of Texas. Eastland. Dec. 11, 1925.)

**I. Courts ⊜⟿480(3)—Suit to enjoin execution of judgment on notes on ground that notes were obtained by fraud must be brought where judgment was rendered or where suit is pending (Rev. St. 1911, art. 1830, subds. 7, 17, 24, 28, and article 4653, now Rev. St. 1925, arts. 1995, 4656).**

Suit to enjoin execution of judgment on notes on ground that notes were obtained by fraud comes within Rev. St. 1911, art. 1830, subd. 17, and article 4653, now Rev. St. 1925, art. 1995, subd. 17, and article 4656, providing for bringing such suit in court where judgment was rendered or in which suit is pending, and does not come within Rev. St. 1911, art. 1830, subds. 7, 24, and 28, and hence plea of privilege by judgment creditor to be sued in county of its residence where judgment was rendered was properly sustained.

**2. Judgment ⊜⟿725(I):**

Final judgment in suit on notes in which *defendant* was duly served settles question whether notes were obtained by fraud.

**3. Courts ⊜⟿480(3).**

Injunction to stay execution of judgment, obtained in action in which plaintiff was a party, is returnable under Rev. St. 1911, art. 4653, now Rev. St. 1925, art. 4656, and must be tried in court where judgment was rendered.

---

⊜⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⟨⟩⟩544(1).**

Without bill of exceptions, appellate court will not reverse judgment for failure to file conclusions of law and fact.

Appeal from Haskell County Court; R. E. Lee, Judge.

Suit by J. E. Lindsey against the B. F. Avery & Sons Plow Company. From an order sustaining defendant's plea of privilege to be sued in county of its residence, plaintiff appeals. Affirmed.

A. J. Smith, of Anson, for appellant.

Spence, Smithdeal, Shook & Spence, of Dallas, for appellee.

RIDGELL, J. Appellant brought this suit in the county court of Haskell county to enjoin the execution of a judgment recovered against him in the county court at law of Dallas county, on the ground that said judgment was void, for the reason that the notes sued upon, for which judgment was rendered, were void because procured by fraud. The appellee, B. F. Avery & Sons Plow Company, in due time filed its plea of privilege to be sued in the county of its residence, Dallas county, Tex., and upon hearing of said plea the court sustained same, and ordered the case transferred to the county court at law of Dallas county, Tex., from which order the appellant has prosecuted this appeal.

By assignments of errors the appellant contends that this suit comes directly under subdivision No. 7 of article 1830 of the Revised Statutes, as well as under subdivisions Nos. 24 and 28, article 1830, of the Revised Statutes. The proposition advanced by appellant that in all cases of fraud that the suit shall be tried in the county where the fraud is committed is correct, and, under proper statement of facts, would be applied.

[1, 2] In this suit the appellant was sued upon these notes in the county court at law, Dallas county, Tex., and judgment by default was rendered against appellant for the amount of the notes, interest, and attorney's fees, and said judgment was permitted to become final. This suit, then, is an attack upon that judgment, and appellant is attempting to avail himself of defenses which he could and should have asserted in the suit in Dallas county, and, therefore, comes within section 17, article 1830, of the Revised Statutes of 1911, now article 1995, section 17, Revised Statutes of 1925, and by article 4656, Revised Statutes of 1925, formerly article 4653, Revised Statutes of 1911. The said section 17 first referred to provides suits to enjoin the execution of a judgment or to stay proceedings in any suit shall be brought in the county in which such judgment was rendered, or in which such suit is pending. Article 4656, supra, provides writs of injunction granted to stay proceedings in a suit or execution on a judgment shall be returnable to, and tried in, the court where such suit is pending, or such judgment was rendered. There is no contention or showing that the judgment rendered in Dallas county is void. The appellant was sued upon the notes, was duly served and judgment rendered, and the attack here made is that the judgment was erroneous, in that the notes were obtained by fraud upon which the judgment was rendered. These matters were settled by the judgment, and, if parties were permitted to go behind solemn judgments after issue has been settled by trial and bring suits in other jurisdictions, then there would be no end to litigation and no such thing as final judgment. The trial court permitted no error in sustaining the plea of privilege. Price & Beaird v. Eastland County Land & Abstract Co. et al. (Tex. Civ. App.) 211 S. W. 478; Reeder & Lynch v. Hayes Machinery Co. (Tex. Civ. App.) 257 S. W. 947.

[3] If appellant had been a stranger to the Dallas county judgment, then the matter would present a different situation, and some of the cases cited would be applicable, but, appellant being a party to the Dallas county judgment, an injunction granted to him to stay proceedings or execution on said judgment is returnable under article 4653, and must be tried in the court where the judgment was rendered. Carey v. Looney et al., 113 Tex. 93, 261 S. W. 1040.

The appellant insists that the case of Carey v. Looney, 113 Tex. 93, 251 S. W. 1040, is authority for upholding his contention that this suit can be maintained in Haskell county, but said case merely holds that the statute had no application to a party who is a stranger to the judgment being attacked or where the suit is to enjoin the enforcement of execution against property exempt, or for other causes, but it does hold that, where the judgment orders the sale of specific property, such sale cannot be restrained by another court on an application of the party to the judgment.

[4] The appellant also contends error in the court failing to file conclusions of law and fact. This court has recently held that, where a party makes timely request for such findings, and the court fails or refuses to file same, and bill of exception is reserved, and there is found no statement of facts in the record, for such failure the cause will be reversed. W. T. Rawleigh Co. v. E. A. Sayre, 276 S. W. 485.

In this case the pleadings of appellant admit of no other conclusion but that the suit comes within the statutes requiring same to be brought in Dallas county, and, the plea of privilege having been invoked, there remained nothing else for the court to do but sustain same.

Appellant reserved no bill of exception, although notice of his request was entered and the suggestion made to the court.

In the absence of a bill of exception, the

---

⟨⟩⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appellate court will not reverse the judgment of a trial court on account of failure to file conclusions of law in fact. Trippett v. Nash McLarty Motor Co. (Tex. Civ. App.) 269 S. W. 205.

It is the judgment of this court that the assignment of errors be overruled and that this case be affirmed.