## DARLINGTON et al. v. ALLISON. *
### (No. 3157.)

Court of Civil Appeals of Texas. Amarillo.
Nov. 28, 1928.

Rehearing Denied Jan. 9, 1929. Second Petition
for Rehearing Denied Jan. 30, 1929.

Will Crow, of Canadian, for appellants.

J. E. Pickens and J. W. Sanders, both of
Canadian, for appellee.

HALL, J. The appellee, Allison, filed his
petition in the district court of Hemphill
county, which, omitting the formal parts, is,
in substance, as follows: That plaintiff Alli-
son and defendants Will Crow and W. B.
Johnson reside in Hemphill county; that de-
fendant Darlington resides in Kansas City,
Missouri, and defendant J. C. Rawlings re-
sides in Wheeler county. For cause of action
he alleges that on or about the 4th day of
October, 1928, Darlington, Rawlings, and
Crow procured the district clerk of Wheeler
county "to issue a pretended Writ of Posses-
sion out of some alleged cause or judgment,
the identity of which cannot be determined
from the said Writ itself, for the reason that
it does not give the names of the parties nor
the number of the suit, but plaintiff is in-
formed and believes that said Writ of Pos-
session was issued out of cause No. 964 on the
docket of said Wheeler County District Court,
in which Mark Huselby was plaintiff and
Walter Darlington, J. C. Rawlings, and this
plaintiff, M. H. Allison, were defendants, in
which cause a judgment was rendered March
21, 1922, in favor of Mark Huselby and
against M. H. Allison, and also a judgment
was rendered in said cause in favor of defend-
ants Darlington and Rawlings and against
plaintiff herein, which judgment provides
that an order of sale issue, but did not pro-
vide for any writ of possession and did not
provide that an order of sale would have the
force of a writ of possession and ordered that
the proceeds arising from any sale of the
land foreclosed, being Section No. 85, in Block
M-1, Hemphill County, Texas, should be ap-
plied first to the payment of the judgment in
favor of Mark Huselby and any surplus over
and above the amount necessary to pay the
judgment in favor of Huselby and costs of
the suit should be applied to the payment in
favor of said Walter Darlington and J. C.
Rawlings."

*Writ of error dismissed.

It is further alleged that no order of sale or other process of any kind was issued on said judgment until April 18, 1928, on which date Darlington and Rawlings caused an order of sale to issue and be levied upon said land, and thereafter, on June 5, 1928, there was a pretended sale of the land made under said order of sale issued upon said dormant judgment, and at such pretended sale the defendants Darlington, Rawlings, and Crow pretended to purchase the same for the sum of $3,445, which sum of money was paid not to Mark Huselby, as provided in the judgment, but to Darlington and Rawlings; that defendant Johnson, as the sheriff of Hemphill county, to whom said void order of sale was directed, and who pretended to sell said real estate thereunder, executed a pretended sheriff's deed on the 5th day of June, 1928, which is of record in volume 40, p. 303, Deed Records of Hemphill County, by which instrument he attempted to convey said real estate to Darlington, Rawlings, and Crow.

Plaintiff further alleges that the judgment had long been dormant at the time of the issuance of the order of sale and would not support an order of sale; that the said writ of possession was issued upon said dormant judgment; that the said sheriff of Hemphill county is threatening to, and will, dispossess the plaintiff on or before November 4, 1928, and place the said Darlington, Rawlings, and Crow in possession of said premises in virtue of said void writ of possession, which writ is neither supported by a valid, subsisting judgment nor by any order awarding a writ of possession in any judgment; all of which will result in irreparable injury to plaintiff unless the court issues a writ of injunction enjoining them from dispossessing plaintiff during the pendency of the suit. Plaintiff prays for a writ of temporary injunction against the execution of the writ of possession pending a hearing on the merits of the case "and that upon a hearing, plaintiff have judgment setting aside said pretended Sheriff's deed above described and that said injunction in all things be made perpetual and he prays for costs of suit and for all such other and further remedies and reliefs, general and special, in law and in equity, to which he may show himself entitled."

The court granted the petition for temporary injunction, and, from such order, all the defendants have appealed.

The writ was granted in chambers and ex parte. If the nature of the proceedings is to be determined from the prayer, it is an action to set aside the sheriff's deed and to perpetually enjoin the defendants from dispossessing applicant by the execution of the writ of possession. The applicant prays for a temporary injunction restraining the execution of the writ pending a hearing of the case on its merits. He attacks the writ because the judgment provides for an order of sale, but fails to award a writ of possession and fails to provide that an order of sale shall have the force of a writ of possession.

The judgment was rendered in the district court of Wheeler county. The petition in this case was filed in the district court of Hemphill county. The appellants insist that the district court of Hemphill county had no jurisdiction to grant the injunction and we think this insistence is sound. The general rule with reference to enjoining judgments is stated in 15 C. J. 1142, § 597, as follows: "As a general rule one court cannot enjoin the enforcement of a judgment rendered by another court and this rule applies even though the court in which the injunction is sought has jurisdiction superior to that of the court by which the judgment is rendered, unless some statutory authority for such action be shown." The general rule as to enjoining executions is stated in the same authority, page 1143, § 598, as follows: "Under the rule that one court cannot control the process of another court, it is usually held that one court cannot enjoin the issuance of an execution from another court or the levy and enforcement of an execution issued on the judgment of another tribunal or a sale thereunder, even though an execution of a court of one county is placed in the hands of the sheriff of another county." In 23 C. J. 570, § 478, it is stated: "One court cannot control the process of another court and therefore, as a general rule cannot enjoin the enforcement of a judgment or the levy of an execution issued on the judgment of another tribunal. As a general rule the Injunction suit must be brought in the county where the judgment was rendered and the execution issued, unless such judgment is void or manifest injury would thereby be done. * * * It follows under the general rule that the court of the county where the execution was levied where different from the county where the judgment was rendered, cannot enjoin the execution. * * * Under some statutes the bill must be filed in the county of defendant's residence, but in the absence of such a requirement or fact that the defendant is a non-resident is immaterial if the court has jurisdiction of the subject matter of the original action." Numerous authorities from Texas are cited to sustain the texts.

R. S. art. 4656, provides that writs of injunction granted to stay execution on a judgment shall be returnable to and tried in the county where such judgment was rendered, and Judge Speer holds in Switzer v. Smith (Tex. Com. App.) 300 S. W. 31, that the requirement is jurisdictional. In numerous decisions construing this article of the statute, and article 1995, subd. 17, the courts of this state have uniformly held that, where a judgment or process is not void on its face, an action to enjoin either must be in the court of the county where the judgment was ren-

dered and out of which the process issued. Miller v. Koertge, 70 Tex. 162, 70 S. W. 691, 8 Am. St. Rep. 587; Hansbro v. Blum, 3 Tex. Civ. App. 108, 22 S. W. 270; Owen v. City of Navasota, 44 Tex. 522; Ayres v. Duprey, 27 Tex. 603, 86 Am. Dec. 657; Lindsey v. B. F. Avery & Sons Plow Co. (Tex. Civ. App.) 284 S. W. 606; Brunson v. Donald (Tex. Civ. App.) 3 S.W.(2d) 596; Adoue v. Wettermark, 22 Tex. Civ. App. 545, 55 S. W. 511; Citizens' Bank v. Brandau (Tex. Civ. App.) 1 S.W.(2d) 466; Gohlman, Lester & Co. v. Whittle, 114 Tex. 548, 273 S. W. 808; Wright v. Shipman (Tex. Civ. App.) 279 S. W. 296; Bailey v. Jackson (Tex. Civ. App.) 243 S. W. 997.

■ Appellee does not attack the judgment as being void for any reason, but he challenges the writ as being informal and irregular and insists that the judgment is not sufficient to support it, because the judgment does not award a writ of possession or decree that the order of sale shall have the force and effect of such a writ. The attack, being made in a court other than the one in which the judgment was rendered, is a collateral attack, both upon the judgment and the writ. Although the judgment was dormant when the order of sale was issued, that fact does not render the sale void, but voidable only, and it cannot be collaterally attacked, even though the plaintiff in execution became the purchaser at the sale. Maverick v. Flores, 71 Tex. 110, 8 S. W. 636; Sykes v. Speer (Tex. Civ. App.) 112 S. W. 422; Odum v. Menafee, 11 Tex. Civ. App. 119, 33 S. W. 129; Taylor v. Doon, 43 Tex. Civ. App. 59, 95 S. W. 4; Parker v. W. L. Moody & Co., 43 Tex. Civ. App. 492, 96 S. W. 650; Houston Oil Co. v. Randolph (Tex. Com. App.) 251 S. W. 794, 28 A. L. R. 926; Long v. Martin (Tex. Civ. App.) 260 S. W. 327; Landa Cotton Oil Co. v. Watkins (Tex. Civ. App.) 255 S. W. 775.

■ The contention that the judgment is insufficient to support the writ and that no writ of possession could be lawfully issued upon such judgment is without merit. It is provided by R. S. art. 2218, that judgments for the foreclosure of liens shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and that an order of sale shall issue to the sheriff or any constable of the county where the property may be, directing him to seize and sell the same as under execution in satisfaction of the judgment; and article 2219 provides that, when an order foreclosing a lien upon real estate is made in a suit, having for its object the foreclosure of such lien, such order shall have all the force and effect of a writ of possession as between the parties to the foreclosure suit, and the court shall so direct in the judgment providing for the issuance of such order. It further provides that the sheriff executing such order of sale shall proceed by virtue of such order of sale to place the purchaser of

the property sold thereunder in possession thereof within 30 days after the date of sale. It would seem that, under the provisions of these articles, an order of sale has the force and effect of a writ of possession without the issuance of a formal writ of possession in addition thereto and that the sheriff would have been authorized by the order of sale under which the property was sold to place the purchaser in possession within 30 days after the sale.

The order of sale was sufficient authority for the sheriff to put appellants in possession of the premises. Having failed to do so within 30 days, it was the duty of the clerk of the district court of Wheeler county to issue a writ of possession under which the sheriff could oust appellee and place appellants in possession. Morris v. Morgan, 92 Tex. 92, 45 S. W. 1002.

■ A judgment is not invalid because it fails to direct the issuance of an execution or order of sale. Power to enforce adjudicated rights follows as a matter of law. Bludworth v. Poole, 21 Tex. Civ. App. 551, 53 S. W. 717; Ryan v. Raley, 48 Tex. Civ. App. 187, 106 S. W. 750; Carson v. Taylor, 19 Tex. Civ. App. 177, 47 S. W. 395; Taylor v. Doon, supra.

■ The petition shows that the property has been sold under the order of sale and conveyed by sheriff's deed without protest or objection on the part of appellee until the filing of this action. Without directly attacking the judgment, order of sale, or conveyance by proceedings instituted in the county where the judgment was rendered, appellee has sought in a different jurisdiction to perpetually enjoin the purchaser from disturbing his possession. His success would have the effect of setting aside and annulling a decree which he has not questioned by appeal or other proper proceeding. The appellants were given no opportunity to file an answer in this case. If the proceeding had been instituted in Wheeler county, the appellants might have, by cross-action, sought to revive the judgment and amend any informalities existing therein. Seymour et al. v. Hill, 67 Tex. 385, 3 S. W. 313; North v. Swing, 24 Tex. 193. The Supreme Court held in Willis v. Smith, 66 Tex. 31, 17 S. W. 247, that the article of the statute which requires an execution to issue within 12 months after the rendition of a judgment to preserve its lien has no reference to decrees establishing or foreclosing contract liens. If the issuance of execution within 12 months is not essential to the preservation of the lien, then we strongly incline to the opinion that a sale under an execution issued after the expiration of 12 months, where no protest was made and no motion to quash the writ was ever filed, has the effect of estopping the defendant in execution from attempting to prevent the execution of the writ of possession, especially after several months have

passed since the sale. If the appellants had been given an opportunity to answer this action even in Hemphill county, they might have shown that their judgment had not been paid. While there is a presumption that a dormant judgment has been satisfied in some way or else execution would have issued thereon, the appellee does not specifically allege that the judgment in this case has been satisfied and in this particular the petition is insufficient. Moreover, the presumption, we think, should not obtain in the instant case where it appears that an execution has been issued and not returned satisfied. As opposed to the presumption of a dormant judgment, there is also the presumption that the appellants and the officers of the court would not illegally issue and execute an order of sale For the reasons stated, we think the court erred in granting the temporary injunction in an action filed in Hemphill county.

The judgment is therefore reversed, and the case is dismissed.

## On Motion for Rehearing.

In a rather extended motion for rehearing appellee asserts that this court erred in holding that the main purpose of the suit was to perpetually enjoin defendants from disturbing plaintiff's possession of the land. We did not so hold, but would not have been far from correct if we had held exactly as stated. What we did say was: "If the nature of the proceedings is to be determined from the prayer, it is an action to set aside the sheriff's deed and to perpetually enjoin the defendants from dispossessing applicant by the execution of a writ of possession." The prayer of the petition sustains our statement. The prayer is for a temporary injunction, temporarily restraining the execution of the writ of possession and that the injunction in all things be made perpetual upon the final hearing. It is true that appellee prayed that the sheriff's deed be set aside, but the deed is not attacked because of any informality or inherent vice. The prayer for setting aside the deed is based upon the allegations which attack the writ of possession and the judgment out of which the writ was issued. The suit is not, as the motion asserts, a direct attack upon the deed, but the prayer for setting aside and canceling the deed is merely incidental relief. The action has none of the features or characteristics of a suit in trespass to try title nor is it an action to remove cloud from title. If the court had set aside the deed upon the final hearing, appellee would not have had title unless the judgment against him had in some way been annulled and set aside.

Appellant further says that the judgment appealed from was a matter purely ancillary to the main suit and that, if this court had dissolved the temporary writ, it would have granted all the relief asked for by the appellants and all the relief they were entitled to by this appeal. The judgment complained of is not an ancillary matter. The appellee directly and affirmatively attacks the judgment as being insufficient to support an order of sale and as being long dormant and for that reason insufficient to support a writ of possession. With reference to the judgment, he alleges: "Which judgment provided that an order of sale issue, but did not provide for any writ of possession and did not provide that the order of sale would have the force of a writ of possession. * * * No order of sale or any other writ of any kind was issued on said judgment until April 18, 1928. That said judgment had long been dormant at the time of issuance of said order of sale and would not support the order of sale and that the writ of possession above described is also issued out of said dormant judgment. * * * Said void writ of possession, which is neither supported by a valid, subsisting judgment nor by any order awarding a writ of possession in any judgment," is the authority under which it is alleged the sheriff is threatening to put the defendants in possession of the land. The fact that the prayer does not specifically pray for relief against the judgment is immaterial, since the appellee does pray "for all such other and further remedies and reliefs, general and special, in law and in equity, to which he may show himself justly entitled."

We think the opinion states the conclusions of the court in language that is reasonably clear and definite, but appellee persists in misconstruing the language and in asserting that we have made certain holdings which the language of the opinion in no sense supports. Appellee says that this court erred in holding that his contention that a dormant judgment would not support the execution and writ of possession is without merit, and that such holding is tantamount to a holding that an execution may issue on a dormant judgment, and further contends that the cases which we cite were decided long prior to the statute relating to dormant judgments It is true that article 3773, Revised Statutes, as it now exists, was originally enacted in 1895 (Acts 1895, p. 2), but the first statute, providing that the failure to issue execution within 12 months would have the effect of rendering the judgment dormant, is found in the Acts of 1840, p. 172. This statute was repealed and re-enacted and the repealing act is found in the Acts of 1860, p. 117. The act was again amended in 1866 (Acts 1866, p. 118) and by the codifiers amended in 1879. The history of the act shows that it came to us originally from Paschal's Digest, arts. 7005, 7007, and in the language in which it now appears it was re-enacted as article 2387 in the Statutes of 1911.

The 13 propositions advanced in the motion all discuss matters which are merely incidental, if not foreign, to the real questions decided in disposing of this appeal. We dismiss-

ed the case because this action was filed in the district court of Hemphill county, and was, in fact, an attack upon a judgment rendered in Wheeler county. The above quotations from the petition clearly show that appellee was attacking the judgment. It is true he did not attack the judgment as being void for any reason, but does insist that it is informal, in that it does not award a writ of possession, and, because it is dormant, will not support the writ. Appellee does not assert title in himself and cannot in the face of the judgment which divests him of title, and yet he seeks to hold possession of the land by a collateral attack upon the judgment and the process issued upon such judgment. He had no right to maintain any such action in any other county than Wheeler county, where the judgment was rendered. We held, and still believe, that the district court of Hemphill county had no jurisdiction of the matters involved in the suit, and could not grant either a temporary writ or permanently restrain the enforcement of the judgment by an action brought in Hemphill county. For that reason, we dismiss the case rather than remand it with instructions to the trial court to dismiss.

The motion is overruled.