## RICHARD HOOPER v. F. HALL.

1. In trespass to try title, to entitle the plaintiff to recover, even against a naked possessor, he must show that he is the absolute owner of the land in controversy, not only as against the defendant, but as against all other persons.

2. On the trial of an action of trespass to try title, the defendants offered in evidence duly certified copies of a power of attorney and of a deed, which were executed in 1835 before a judge of the first instance, with the formalities necessary to constitute them public or authentic acts. Plaintiff objected to the copies, because the originals were not accounted for; and also because the copies had not been filed in the cause three days prior to the trial, and notice thereof given him. *Held*, that the objections were properly overruled. The copies were made evidence by the ninety-first section of the Act of May 13, 1846 (Paschal's Digest, Article 3717); and this court has heretofore settled that it is not necessary to file such copies previous to the trial. (Hubert v. Bartlett, 9 Texas, 102; and Andrews v. Marshall, 26 Texas, 212, cited by the court.)

3. It was further objected, that there was no proof that the originals had been filed in the office of the judge of the first instance, prior to the first Monday in February, 1837, so as to authorize the admission of the copies by virtue of the act above cited. (Paschal's Digest, Article 3717.) But *held*, that in the absence of proof to the contrary, it is to be presumed that the originals were so filed at the proper time ; and the certificate of the clerk who has the lawful custody of the originals, to the effect that they are archives of his office, is tantamount to original file marks showing them to have been so filed, inasmuch as the originals could not be archives unless they had been so filed at the proper time.

4. In a county clerk's authentication of a public instrument executed before a primary judge in 1835, he certified the copy to be a " true copy taken from the original in my office and an archive thereof." *Held*, that the certificate is sufficient.

5. See this case for an instance in which a muniment of title to real estate, executed by an agent in 1835, was held to have been properly admitted in evidence, notwithstanding that the agent's power of attorney from the owner was not produced nor directly proved.

APPEAL from Harrison. Tried below before the Hon. J. B. Williamson.

This veteran case was commenced as far back as 1849. Though a suit for real estate, it was brought by Hooper "for the use of the legal heirs of Jesse Parchman, deceased," naming them—an anomaly of which there is at least one other example in the Reports of this State.

This case was before this court in 1867, on a former appeal, which is reported in 30 Texas, 154 ; to which report reference may be had for some of the facts.

In the opinion delivered on the present appeal, a clear though succinct statement will be found of such facts as are essential to a full comprehension of the rulings.

*H. McKay*, for the appellant.

*James Turner* and *W. Stedman*, for the appellees.

OGDEN, J.—In 1867, the appellee obtained a judgment in the district court, and the cause was brought to this court by the appellant, when the judgment was reversed, and the cause remanded. In 1870, it was again submitted to a jury in the district court, upon thirty-eight special issues. From the judgment rendered upon the verdict of the jury, the appellant has appealed again to this court, and assigns several errors as causes for a reversal of the judgment. It is not deemed necessary to notice each assignment in its order, as the determination of the last will dispose of the others.

This was an action of trespass to try title, in which the plaintiff must recover, if at all, on the strength of his own title, and not upon the weakness of, or want of title in, the defendant in possession. In other words, the plaintiff, in order to entitle him to recover as against a naked possessor, must show that he is the absolute owner of the land in controversy, not only as

against the defendant, but as against all other persons.. This was the principal question for determination in the court below, and that determination is now complained of as error.

In this cause the various findings of the jury in the lower court, which are not complained of here, have settled many questions which might otherwise have been left doubtful; and we shall therefore only refer to them, in order to a correct understanding of those questions which are not acquiesced in. From the verdict of the jury, the fact is established, that in 1853, the plaintiff became the undisputed owner of a grant, or patent, to the land in question, issued by the Republic of Texas to Amy Dunman, in the year 1841. This would have given appellant an absolute title to the land, precursive of all others, and should have entitled him to a judgment in this cause, provided that no other title, or grant, for the same land had issued from the State, previous to the issuance of the patent to Amy Dunman. The jury further find, that a grant for the same land did issue from the State to Hiram Blossom, in 1835, and that the appellant held a regular transfer of title to the same land from Blossom, made in 1842. The validity of the grant to Blossom, in 1835, is not questioned by either party to this suit, and must therefore be considered as vesting the title in Blossom at the time of the grant. It follows, that as the State had parted with the title in 1835, it had no title or interest in the land in 1841, to grant to Amy Dunman, and she and her assignee received none by virtue of the patent issued to her.

But appellant still had a *prima facie* good and valid title to the land by virtue of the conveyance from Blossom to Watson in 1842, and the judgment of the lower court should have been in his favor, unless the defend-

ant had shown a conveyance of the same land to himself, or some one else, from Blossom, prior to the deed to Watson, in 1842.

The jury found that the defendant did receive a conveyance for six hundred and forty acres of the land in 1850; but as this conveyance was many years subsequent to the deed to appellant, it cannot be considered as forming a superior or adverse title to the claim of the plaintiff below, and need not be further noticed in this opinion. But the defendant introduced proof to establish a superior outstanding title in A. S. Johnson; and the findings of the jury in reference to this outstanding title, and the rulings of the court in reference to the testimony offered to prove that title, are the subject matter of appellant's complaint in this court.

On the trial of the cause in the court below, the defendants offered in evidence a certified copy from the records of Nacogdoches county of a power of attorney from Franklin and E. M. Fuller to Frost Thorn, dated October 14, 1835, and also a certified copy of a deed of the same date from Thorn, as agent of Blossom, to Brookfield, for the land now claimed by appellant. The plaintiff objected to the reading of the instruments in evidence, because the same were copies, and the absence of the originals were unaccounted for; because the same had not been filed in the cause, and notice of such filing given to the plaintiff; because there was no evidence that the originals had been filed in the office of any alcalde or judge previous to February, 1837; and because of the insufficiency of the clerk's certificates to the same. The objections were overruled by the court and the plaintiff excepted. These instruments appear to have been executed with all the requisite formalities to constitute public or authentic acts, under the laws in force at the date of their execution, and were therefore

the originals, or protocols, which were to remain in the
office of the alcalde, instead of a record, as provided
by the laws now in force.   And these acts were by law
placed in the custody of the clerks of the county
courts, who are authorized to certify to copies of the
same.    They were offered and admitted in evidence
under Article 3717, Paschal's Digest ; and under the
authority of this court in Hubert v. Bartlett, 9 Texas,
102, and Andrews v. Marshall, 26 Texas, 216, we think
properly admitted ; nor do we think that the party
offering them in evidence should be compelled to first
prove that the originals were filed in the clerk's office
prior to February, 1837.    In many instances it would
be utterly impossible to make such proof by any living
witness ; and the file marks on the instruments, if there
were any, certified to by the clerk, could be considered
no better proof than a certificate by the clerk that the
instruments were archives in his office, for they could
not be archives unless filed at the proper time.    And
we think the court would be authorized in presuming
that they were filed at the proper time, unless there was
proof to rebut that presumption.    But this court, in
Hubert v. Bartlett, say that such an instrument is ad-
missible without filing and notice, on the certificate of
the clerk, and we see no cause for disapproving that
decision.

Plaintiffs also objected to the introduction of the in-
struments, because there was no proof that Fuller had
any power or authority from Blossom to convey, or to
authorize any other person to convey, the land in ques-
tion.    There was no power of attorney from Blossom
to Fuller directly proven, but Fuller, as the agent of
Blossom, executes a power to Frost Thorn to convey
the land, with a power of substitution.   Fuller, as
agent and attorney of Blossom, applied to the com-

missioner for a grant of the land claimed by plaintiff, and to that extent he was recognized as the agent of Blossom. And, in 1835, Fuller went before Louis Ruiz, judge of the first instance, and executed to Thorn a full power to convey the land, and the judge before whom this power was executed certifies that the original power to Fuller was shown to him.

We think there can be no doubt that the court was sustained by authority in presuming, after the lapse of many years, that such power existed (Daily v. Starr, 26 Texas, 565, and Watrous v. McGrew, 16 Texas, 513); and, in the latter case, the court says: "The act being proved, afforded proof of its contents. It recites the production of the power, and is evidence that such an instrument was produced." But appellants claim, that in the case at bar, the judge of the first instance certifies to a power shown him to sell, but not a power to substitute, and that therefore it could be no proof that Fuller had any power to substitute Thorn. We cannot so understand the language of the certificate of the judge, in the power to Thorn, viz: "And by virtue of an extra judicial power of attorney also shown me," they give and confer their power. The language demonstrates the fact that the power shown to the judge was emphatically a power of substitution, whatever other authority it might have contained. We are, therefore, of the opinion, that the court properly overruled the plaintiffs' exceptions to the introduction of these instruments of writing, as evidence to the jury; and consequently we must decide that plaintiff's exceptions to the fourteenth, sixteenth and seventeenth findings of the jury, and the rulings of the court below in relation to the same, as pointed out in the assignment of errors, were not well taken.

This view of the case must necessarily settle the

question of title against the appellant, as the appellee has established, in the heirs of A. Sidney Johnston, a prior outstanding title to the land in controversy, unless the appellant has shown himself entitled to equities which would give his junior title precedence over a prior title from the same original grantor. And in order to show himself entitled to recover on his junior title, he should have proven that he was an innocent purchaser, for a valuable consideration, without notice. It is true that there was no issue of this character presented to the jury on the trial of this cause, and the appellant might have this error revised had he taken the proper exceptions below, and made it appear to this court that he had been damaged because of the error. But we have failed to discover that appellant claimed in his pleadings, or attempted to prove the fact, that he was an innocent purchaser for a valuable consideration, and without notice. At least he failed to prove that he had paid any consideration ; and the jury find the facts, that at the time of the deed from Blossom to Watson, in 1842, and from Watson and Littlefield to Hooper, the deed to A. Sidney Johnston was recorded in the county of Harrison ; and the evidence further shows, that the power from Fuller to Thorn, and the deed from Thorn to Brookfield, were on file in the clerk's office of Nacogdoches county. These facts were sufficient to put appellant upon inquiry, and therefore he cannot claim to be an innocent purchaser, without notice, and he has failed to prove that he was a purchaser for a valuable consideration. He has failed to show himself entitled to recover in this suit, and the judgment of the court below is therefore affirmed.

AFFIRMED.