## No. 6184.

### MARY A. MAVERICK *v.* FRANCISCO FLORES ET AL.

1. CONSTRUCTIVE TENANCY.—A defendant in an action of trespass to try title, and who pleaded not guilty, is not estopped to prove title in himself by reason of having compelled one in adverse possession to attorn to him. Said tenant himself holding under a tenant placed in possession of the land by the plaintiff, the defendant having had possession prior to the plaintiff placing a tenant in the possession.

2. PLEADING—LIMITATION.—The suspension of the statute of limitation during the Confederate war, will be taken notice of without it being pleaded as an exception to the running of the statute.

3. QUÆRE.—In the statute of limitation of three years, whether necessary to connect with the sovereignty of the soil where both parties hold under a common title.

4. EXECUTION SALE UNDER DORMANT JUDGMENT.—Such sale is not void, but only voidable at instance of defendant in execution.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

Appellant, Mary A. Maverick, as plaintiff below brought this suit on the twenty-fourth day of December, 1885, in the ordinary form of an action of trespass to try title, against appellees, Francisco Flores, Jose Flores and Oscar Crawford, defendants below, to recover a lot of land situated in the city of San Antonio, in Bexar county, Texas, setting out the boundaries thereof, and alleging that plaintiff was at the date of the institution of the suit, and had been from a date prior to the

first day of January, 1883, the legal and equitable owner in fee simple of the premises; that on said first day of January, 1883, she was in peaceable possession of the same, and that afterwards, to wit, on the first day of February, 1883, defendants unlawfully entered upon the premises and dispossessed her, and had ever since unlawfully withheld and continued to withhold the premises from her.

Two of the appellees, defendants below, Francisco and Jose Flores, by their answer, filed at the March term, 1886, interposed: first, the plea of "not guilty;" second, pleas of limitation under the statutes of limitation of three, five and ten years respectively; third, an averment that plaintiff and said defendants claimed title from a common source, one Petra Zambrano; fourth, the plea of homestead exemption to defeat a judgment, execution, levy, sale and sheriff's deed under which plaintiff acquired title.

The remaining appellee, defendant below, Oscar Crawford, by his answer filed on the same day of said March term, 1886, disclaimed title to the premises, but alleged that he was then in possession of the same as tenant of his co-defendants.

Plaintiff, on December 9, 1886, filed her first supplemental petition, wherein, by way of replication in estoppel, she alleged in substance: that she and others, in February, 1875, leased the premises to one C. R. Adams, by a verbal lease at will, without rent; that Adams entered under said lease; that the estate and possession of Adams were assigned and transferred by Adams to one C. W. Dunn, and by said Dunn to one F. R. Brown; that said Brown, during his possession thus acquired, attorned to defendant Jose Flores, who claimed the premises in right of defendant Francisco Flores; that defendants Jose and Francisco Flores thus obtained possession of the premises, and remained possessed of the same, for the estate so acquired, until the date of the ouster alleged in plaintiff's original petition; and that defendant Oscar Crawford, before and at the date of the commencement of the suit, was in possession of the premises claiming to hold as tenant of his co-defendants; and further, that plaintiff's said co-lessors, on January 4, 1876, conveyed to plaintiff their interest in the premises.

The case was tried by the court, without a jury, December 9, 1886, and judgment rendered for the defendants.

Plaintiff made a motion for a new trial and in arrest of judgment, which were overruled. She appealed.

*R. B. Minor,* for appellant: Though the dormancy of a judgment at the date of the issuance of execution thereunder were conclusively shown, yet such execution and a levy, sale, and sheriff's deed thereunder, are not therefore void, but only voidable by a direct proceeding to set them aside, and can not be collaterally attacked. (Boggess v. Howard, 40 Texas, 153, citing and reviewing authorities, and overruling Johnston v. Shaw, 33 Texas, 585; Freeman on Executions, secs. 29, 30.)

Defendants having obtained the possession of the premises, though indirectly, from Adams, who, in February, 1875, entered upon the premises under a lease from plaintiff and others whose interest was conveyed to her within a year thereafter, they, the defendants, are estopped to set up against plaintiff the pretended title in defendant Francisco Flores introduced by them, thereby denying the validity of the title of plaintiff and her co-lessors at the date of their said lease to Adams, or in any manner to deny the validity of the title under which said lease was made at the date of said lease.

Plaintiff, in her supplemental petition, specially and particularly pleaded this estoppel as against all of the defenses interposed by defendants in their answers.

Plaintiff proved that she and others in February, 1875, leased the premises to one C. R. Adams, by a verbal lease at will without rent; that Adams then entered upon the premises under said lease, and held possession of the same until some time in 1877, a period of more than two years, when he sold out his interest in the premises to one C. W. Dunn, and delivered Dunn the possession; that Dunn remained in possession about one year, and then in April, 1878, sold out his interest in the premises to one F. R. Brown, and delivered him the possession; that Brown retained possession until January 1, 1881, when he sold his interest in the premises to one Tatum, and delivered him the possession; that Brown during his possession attorned to defendant Jose Flores, who claimed the premises in right of defendant Francisco Flores; that from said time to the commencement of this suit the premises have been continuously occupied and used by parties recognizing defendants Jose Flores and Francisco Flores as their landlords; and that defendant Oscar Crawford, before and at the commencement of this suit, was in possession of the premises, claiming to hold the same as tenant of his co-defendants, Francisco and Jose Flores; and further, that plaintiff's said co-lessors, on January

4, 1876, conveyed to plaintiff their interest in the premises. Defendants offered in evidence what purported to be a chain of title to defendant Francisco Flores from and under Petra Zambrano y Flores, from whom plaintiff derived title; defendant Francisco Flores deriving under the will of said Zambrano, and plaintiff deriving through a sale under execution against said party. Plaintiff objected to this evidence of defendants upon the ground of estoppel; but said evidence was admitted by the court. (Tyler v. Davis, 61 Texas, 674; Word v. Drouthett, 44 Texas, 365; Tyler on Ejectment, 165, 166; Id., 557; Wood's Landlord and Tenant, 368 et seq.; Id., pp. 979, 980, sec. 571 and note 9, latter part; Id. pp. 3, 68, sec. 236, and note 4; Bullen v. Mills, 2 A. & E., 17, cited in Big. Est., 3d ed., p. 396; Jackson v. Stiles, 1 Cow., 575; Scott v. Maynard, Dallam, 548; Sedg. & Wait's Trial of Title to Land, secs. 351, 352; 4 Wait's Act. & Def., 258.)

This proposition was argued at length in motion for rehearing, from which argument the following is taken:

Appellant insists that under the decisions the evidence clearly establishes a constructive tenancy of defendants under plaintiff. As this question was not argued in appellant's brief, nor in her separate printed argument, appellant having considered the evidence conclusive under the law, the indulgence of the court is asked to allow appellant to present now, somewhat at length, the authorities:

1. General rule of estoppel as between landlord and tenant. (Tyler Eject., pp. 165, 166, 550; Woods L. and T., sec. 236, p. 368; Tyler v. Davis, 61 Texas, 674, 676; Big. Estoppel, 3d ed., pp. 390, 391; Blight's Lessee v. Rochester, 7 Wheat., 535; same case, Tyler Eject., p. 567.)

2. How relation and estoppel may arise. (Wood's Lim., p. 556 and note 7; Wood's L. and T., p. 372; Word v. Drouthett, 44 Texas, 365; 6 Wait's Actions and Defenses, p. 709, sec. 22.)

3. That landlord, as against tenant, need show no title other than the fact that the relation exists. (Tyler Eject., pp. 165, 166, 557; Wood's L. and T., sec. 571, p. 979; Tyler v. Davis, 61 Texas, 674, 676.)

4. That tenant's possession is not adverse to landlord. (Tyler Eject., 876, 877.)

5. That the relation and estoppel having once attached, continues until surrender to landlord (or at least disclaims with

unequivocal notice), or until eviction with notice and good faith. (Tyler Eject., pp. 876, 877; Flanagan v. Pearson, 61 Texas, 302, 305, 306; 52 Texas, 266; Juneman v. Franklin, 67 Texas, 411, 414, 415.)

6. That the relation and estoppel extends to all persons who may obtain the possession from or through the tenant, as

(1) Sub-lessees, 6 Wait's Actions and Defenses, p. 709, section 22, and authorities cited.

(2) Assignees, same authorities and Angell on Limitations, p. 546, section 442.

(3) Grantees in fee simple, though ignorant of facts. (Jackson v. Davis, 5 Cow., 129, 130; Tyler Eject., 918; Wood's L. and T., sec. 571, p. 980, note 9, latter part, citing Phillips v. Rothwell, 4 Bibb, 33; Newman v. Mackin, 21 Miss., 383.)

(4) Surrenderee. (Bullen v. Mills, 2 Adolph & Ell., 17, cited in Big. Est., third edition, p. 396.)

(5) Tenants after attornment to stranger with paramount title, unless under proper circumstances. (Flanagan v. Pearson, 61 Texas, 302, 305, 306, opinion by Walker, J.; same case, 52 Texas, 266, 271; Morse v. Goddard, 13 Met., 177, cited in Big. Est., third edition, pp. 408, 409 and notes; Jackson v. Harper, 5 Wend., 246.)

(6) Stranger to whom tenant may attorn, unless under proper circumstances, and who thus may obtain possession.

Whilst we claim that all these cases rest upon the same principle, it is to the last case that we wish to direct special attention, since it is the case now before the court.

In the case of Fairclaim, ex. dem., Fowler v. Shamtitle (3 Burr. R., 1290, 1294, 1295), tried before Lord Mansfield (a case in reference to which Mr. Tyler says that the principles established by it have been recognized both in this country and in England ever since), the court, in construing the statute, 11 Geo. II, ch. 19 (similar to the Texas statute, Rev. Stats., art. 4789), which authorized the landlord to be joined as defendant in an action of ejectment against the tenant, held the term "landlord" to apply "to all persons claiming title consistent with the possessions of the occupier of the land in dispute," and to such persons only. (See Tyler Eject., 442, 449.) In Dougherty v. Estill (1 Bibb, 128) it was held that a person claiming to be let in as defendant must show that his title is connected to and consistent with the possession of the occupier, and that otherwise he should not be admitted as defend-

ant. In the same connection it has been held (Doe v. Rhys, 2 Younge & Jervis Rep., 8) that if a party should be admitted to defend the action of ejectment as landlord where title is inconsistent with the possession of the tenant, the lessor of the plaintiff may apply to the court, or to a judge at chambers, and have the rule discharged with costs. (Tyler Eject., p. 451.) And, Mr. Tyler adds, if the lessor of the plaintiff in such case should neglect to get the rule discharged, and the party continues upon the record as defendant, it seems that such party will not be allowed to set up such inconsistent title as a defense at the trial. (Tyler Eject., p. 451. citing Doe v. Lady Smythe, 4 Maule & Selw. Reps., 447; Doe v. Litherland, 4 Adolph & Ell. Reps., 784.) And, says Mr. Tyler, it may be laid down as a general rule that a person defending as landlord is bound by the same estoppel as the tenant himself, and that a party who gets possession of the premises from the lessor of the plaintiff by any fraud or trick upon him, can not set up his own title or a title in a third person in answer to the action. (Tyler Eject., p. 557, citing Doe v. Smythe, 4 Maule & Selw., 447; Doe v. Mizim, 2 Moody & Robinson's Reps., 56; Doe v. Litherland, 4 Adolph & Ell., 784; Doe v. Baytup, 3 Id., 188; Doe v. Mills, 2 Id., 17, and other authorities.) See also to same general effect. (Jackson v. McEvoy, 1 Caine's Reps., 151; Den v. Lanning, 6 Halst., 185; Porter v. Robinson, 3 A. K. Marsh., 253; Hubert v. Alexander, 2 Call, 438; McClay v. Benedict, 1 Rawle's Reps., 424, cited. Tyler Eject., 448; also, see Doe v. Birchmore, 9 Adolph & Ell., 662; Doe v. Creed, 5 Bing., 237; Francis v. Doe, 4 Mee. & W., 331; Doe v. Fuller, 1 Tyr. & Granger Reps., 17; Doe v. Skirrow, 7 Adolph & Ell. Reps., 157, cited, Tyler Eject., 557.)

These decisions do not, it is true, cover the present case precisely. To make this case exactly parallel to those cited, this action should have been brought against a tenant like Brown, to whom the privity is traced directly by successive assignments. Yet we believe that the principle underlying these decisions applies fully to the present case. Under these decisions a stranger who defends as landlord in an action against the tenant in possession, though his intention be to assert a title adverse to that under which the tenant holds, yet in contemplation of law places himself in privity with such title and can not oppose it.

It is to be observed that this result is effected not so much by

the stranger's act of making himself a party to the suit as by the ulterior fact of which that act but constitutes the evidence, namely, the fact that the stranger has assumed the relation of landlord to the tenant. We think this view is clearly upheld in the opinion of Williams, J., in Doe v. Birchmore, 9 Adolph. & Ell., 662, and in Doe v. Litherland, 4 Adolph. & Ell., 784. The gist of the estoppel seems to lie in the fact that the stranger attempts to utilize for his own benefit the possession of the actual occupant by making common cause with him by practicing with him in any manner, the law holding that he may in no way connect himself with that possession, except upon condition of recognizing the title under which that possession was originally obtained, unless under circumstances of perfect good faith on the tenant's part, which absolutely requires a notice to the landlord before any attornment, and this rule is fully in accord with that applied to the case of sub-lessees, assignees, etc., the principal being identical.

*Otto Bergstrom*, for appellees: Defendants (appellees) having plead the ten years statute of limitation, they were not bound to anticipate and negative all the exceptions which could be plead by the plaintiff avoiding such statue of limitation. Such exceptions must be pleaded and proven by the plaintiff, and when pleaded, defendants need not amend their pleadings so as to avoid, or admit proof to avoid, the exceptions. (Gillis v. Rosenheimer, 64 Texas, 243.)

WALKER, ASSOCIATE JUSTICE. Both parties claimed under one Petra Zambrano y Flores, the appellant, who was the plaintiff below, under an execution, sale and transfers down to her. The defendants by inheritance.

The defendants had possession of the lot for twelve years before 1875. In February, 1875, one Adams took possession under one of the joint owners (whose estate plaintiff has) and remained in adverse possession for about two years. He had a lease from defendants for one adjoining lot on the north, and in 1877 sold out to one Dunn, who sold to Brown, who attorned to Flores and paid him rent; Brown was succeeded in possession by Tatum, also paying rent to Flores. The lots held by these tenants were used together.

On the trial the plaintiff read a judgment and order of sale of the district court made in 1844 in favor of John W. Smith,

guardian, etc., v. Petra Zambrano y Flores. Plaintiff then offered the execution docket of the court and the entries thereon in said case of Smith, guardian, v. Petra Zambrano y Flores as follows:

"Execution issued 4th September, 1851, directed to any lawful officer of Bexar county, too late to levy on real estate according to law, to the next term of the district court, Sept. 29, 1851.

"John Crawford, sheriff B. Co., by R. J. Jones, deputy."

"Pluries execution issued 5th April, 1852, directed to sheriff B. Co. No property found in my county. John Crawford, sheriff B. C., by James Gross, deputy."

"Execution (order of sale) issued 11th April, 1853, executed by levying on within described property, and advertised and sold according to law on 1st Tuesday May, 1853, 3d of said month, to S. G. Newton, for ten dollars, he being the best bidder for the same. W. B. Knox, sh'ff, by R. J. Jones, deputy."

Objection was made to the testimony and sustained upon the ground "that it did not appear from said entry that execution had issued upon said judgment within one year from its date."

Plaintiff then offered certified copy of deed of date May 3, 1853, made by W. B. Knox, sheriff of Bexar county, by R. B. Jones, deputy, for the lot in controversy, reciting sale under the judgment and execution and conveying to S. G. Newton all the right, title and interest of the said Petra Zambrano y Flores in said lot. Objections were sustained because no basis remained after exclusion of the docket entries above.

Plaintiff then offered together the entries on the execution docket in said case, and the copy of the sheriff's deed to Newton. They were excluded because it did not appear that execution had issued upon the judgment within one year from its rendition. Regular transfers were read from Newton down to plaintiff for the lot.

The plaintiff objected to evidence of title offered by defendants on alleged ground that by their entry through the attornment of Brown & Tatum they were estopped from denying her title.

The court rendered judgment for the defendants, and the errrors complained of so far as necessary to be noticed here are the exclusion of the testimony to the sale by the sheriff and the failure to render judgment for plaintiff upon the testimony.

Opinion of the court.

Plaintiff insists that the tenancy of Adams, Dunn, Brown and Tatum in succession under her title and the attornment by Brown & Tatum to the defendants subordinated their title to that of the plaintiff, and that such relation appearing plaintiff was entitled to recover.

There was no tenancy in fact by defendants under plaintiff, and the testimony is insufficient to constitute a constructive tenancy under the law.

It was the duty of Brown to notify plaintiff of the attack by defendants upon his possession. And it is questionable under the testimony whether Tatum owed fealty to the plaintiff. The title was put in issue in this action. The court did not err, therefore, in the judgment upon the testimony admitted.

There is no sufficient testimony to support the pleas of limitation. There is no connecting link with the sovereignty of the soil, unless, perhaps, both parties claiming under common source, such link may be presumed—no deed duly recorded with payment of taxes, nor possession continued consecutively for ten years after deducting the period during which the statute of limitations was suspended.

It has been repeatedly held that a sale under an execution issued under a dormant judgment is not void, but only voidable and at the instance of the defendant in execution. (40 Texas, 158, Boggess v. Howard; 29 Texas, 225, Hawley v. Bullock; 20 Texas, 287, Anderson v. Richardson; 15 Texas, 209, Hancock v. Metz; 13 Texas, 598, Sydnor v. Roberts. See also Freeman on Executions, secs. 29, 30.) Upon these authorities we hold that the exclusion of the entries in the execution docket and of the sheriff's deed, was error, and for such error the judgment below is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered June 1, 1888.