SMITH v. HUFF et ux.

(Court of Civil Appeals of Texas. Galveston.
Feb. 19, 1914.)

1. APPEAL AND ERROR (§ 520*)—RECORD—
BILL OF EXCEPTIONS — APPLICATION FOR
CONTINUANCE—DENIAL—REVIEW.

An order denying plaintiff's motion for a continuance because of the absence of a witness could not be reviewed, where the bill of exceptions did not set out either the application or the substance thereof, and it could not be ascertained from the bill itself whether the application was sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 520.*]

2. APPEAL AND ERROR (§ 1043*)—DENIAL OF
CONTINUANCE—PREJUDICE.

The denial of a continuance for absence of a witness was not prejudicial to plaintiff, where the witness' affidavit, produced on the hearing of the motion for a new trial, showed that his testimony would not have been of material benefit to plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4115–4121; Dec. Dig. § 1043.*]

3. ADVERSE POSSESSION (§ 43*)—POSSESSION—
SEPARATE PARCELS.

S., having discovered that the P. survey, consisting of 530 acres, had been forfeited to the state for taxes, redeemed, placed the redemption certificate of record, and supposed she had title. Later she sold 80 acres on which all her improvements were situated, and from that time the 80-acre tract was segregated from the balance of the survey. She had then not held possession long enough to perfect title by limitations to the entire survey, but moved onto a 200-acre tract which had been previously segregated from the balance of the survey. Held, that her possession prior to the segregation of the two tracts could not be added to her possession of the 200-acre tract in order to complete ten years' adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 213–224; Dec. Dig. § 43.*]

4. TRESPASS TO TRY TITLE (§ 6*)—RIGHTS OF
PARTIES—TRESPASSERS.

Where neither party in trespass to try title proved title in himself, plaintiff could not recover in the absence of proof of such prior possession as would entitle him to recover as against a naked trespasser.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 5–9, 15, 16; Dec. Dig. § 6.*]

5. WITNESSES (§ 143*)—COMPETENCY—STAT-
UTES.

Where H. did not claim the land in controversy as an heir of her brother, she was not disqualified to testify that on the death of her mother there had been a parol partition between witness and her brother by which she took the land in controversy under Rev. St. 1911, art. 3690, providing that a person shall not be permitted to testify concerning a transaction with one since deceased, and that the prohibition shall include actions by or against heirs or legal representatives of a decedent arising out of any transaction with such decedent.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 619–624; Dec. Dig. § 143.*]

6. VENDOR AND PURCHASER (§ 220*)—INNO-
CENT PURCHASER.

Where plaintiff's grantor never had title nor apparent title to the land in controversy, plaintiff acquired neither title nor apparent title by his purchase, and hence plaintiff's want of notice of an alleged verbal agreement between his grantor and grantor's sister to partition a larger tract, including the land in controversy, which was alloted to the sister, was immaterial, and plaintiff could not claim any portion of the land as an innocent purchaser for value without notice.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 461–465, 720; Dec. Dig. § 220.*]

Appeal from District Court, Trinity County; S. W. Dean, Judge.

Trespass to try title by Sylvan Blum Smith against H. D. Huff and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

B. F. Bean, of Livingston, and Crow & Phillips, of Groveton, for appellant. Kenley & Minton, of Groveton, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellant against the appellees. The land involved consists of two tracts, one of 80 acres, and the other of 200 acres, out of the George W. Penny 530-acre survey in Trinity county. Plaintiff, in addition to the general allegations of ownership and title in fee simple, specially pleaded title under the three, five, and ten years' statutes of limitation. The defendants disclaimed title to the 80-acre tract. As to the 200-acre tract, they pleaded not guilty, and title by limitation of ten years. The trial in the court below, with a jury, resulted in a verdict and judgment in favor of defendants for the 200-acre tract. The tract of 80 acres was adjudged to plaintiff on defendants' disclaimer. Neither plaintiff nor the defendants show a chain of title from the original grantee.

The evidence shows that W. A. Suggs conveyed the 200 acres of land in controversy to John Ed. Smith by deed of date December 8, 1890, which was filed for record on said date in the deed records of Trinity county. Through mesne conveyances plaintiff holds the title conveyed by this deed. Mrs. Nancy Caroline Suggs, a widow with three minor children, took possession of and began to cultivate a portion of the Penny survey in 1875 or 1876. She cleared and put in cultivation a small field of 8 or 10 acres. The house in which they lived had been placed on the land by a previous occupant, and was purchased by a brother of Mrs. Suggs, who lived with her when she first moved to the place. At that time it was thought that the house was on the Hathorn survey. In a year or two it was discovered that the house was on the Penny survey, and the brother, having in the meantime purchased the Hathorn survey, moved thereon, leaving Mrs. Suggs in possession of the house. About that time he advised his sister to purchase the Penny survey, and, learning that it had been sold to the state for taxes, she sent her son, W. A. Suggs, to the tax collector of Trinity county, and he procured a redemption certificate

for the land by paying the amount due the state. This certificate was issued to W. A. Suggs, the son; but the money paid therefor was furnished by Mrs. Suggs. The redemption certificate was placed on record in Trinity county, and thereafter Mrs. Suggs claimed the Penny survey, and supposed that she had title thereto. The field before mentioned, which was on the 80-acre tract, appears from the evidence to have been cultivated by Mrs. Suggs until she sold the 80 acres in 1883 or 1884. In the latter year she moved upon the 200-acre tract in controversy. This 200 acres seems to have been segregated from the balance of the Penny survey prior to this time. Mrs. Suggs died on this place in 1885, leaving as her heirs two children, W. A. Suggs, under whom appellant claims, and Dessie Suggs, who intermarried with the appellee, H. D. Huff, shortly after her mother's death. After the death of Mrs. Suggs, W. A. Suggs and his sister, Dessie, verbally agreed to partition the land. Under this agreement the sister took the 200 acres in controversy, and W. A. Suggs took the balance of the 530 acres, less the 80 acres which had been sold by Mrs. Suggs. Appellees lived on the 200 acres for some time after the death of Mrs. Suggs; but the evidence fails to show that they have had continuous possession for as long as ten years prior to the filing of this suit. W. A. Suggs died in 1901.

The case was submitted to the jury upon special issues, and the jury found:

First. That Mrs. Suggs and her children, W. A. Suggs and Mrs. Huff, held peaceable and adverse possession of the land in controversy, claiming to own the same, for a period of ten years, beginning about the year 1875.

Second. That after the death of Mrs. Suggs the land was divided between W. A. Suggs and Mrs. Huff, and in said partition the 200 acres in controversy was given to Mrs. Huff.

Third. That plaintiff had not had peaceable, continuous, and adverse possession of the land, holding the same under a deed duly registered, and paying all taxes thereon, for a period of five years.

Fourth. That plaintiff had not had peaceable, adverse and continuous possession of the land for a period of ten years.

[1, 2] Appellant's first assignment of error complains of the refusal of the trial court to grant a motion made by plaintiff to continue the case because of the absence of J. R. Witt, a witness for plaintiff. The bill of exceptions taken by plaintiff to the refusal of the court to grant his application for continuance does not set out the application, nor the substance thereof, and it cannot be ascertained from the bill itself whether or not the application was sufficient. Such a bill of exception is insufficient to authorize this court to review the action of the trial court in overruling the application for continuance. An application by plaintiff for a continuance because of the absence of the witness Witt appears in the record, and, if we can assume that this is the application refused by the court, and to which the bill of exceptions was intended to apply, the assignment cannot be sustained. If it be conceded that the application for a continuance was sufficient, the refusal of the court to grant the motion did not injure appellant because, from the affidavit of the absent witness produced on the hearing of the motion for a new trial, his testimony upon the trial would not have been of material benefit to the plaintiff, and, taken with all of the other evidence favorable to plaintiff adduced upon the trial, would not have authorized a verdict in his favor.

[3] The second assignment of error is as follows: "The court erred in overruling plaintiff's first amended motion for a new trial, and in not granting the same upon the ground stated in the second paragraph thereof, which is as follows: 'Because the evidence is insufficient to support the jury's first finding of fact.' This assignment we submit as a proposition."

[4] We agree with appellant in his contention that the evidence is insufficient to sustain this finding. The possession by Mrs. Suggs of a segregated portion of the 530-acre survey could not be extended by construction to the remainder of the survey. The evidence shows that in 1883 or 1884 she sold the 80 acres upon which all of her improvements were situated, and from that time the 80-acre tract was segregated from the balance of the survey. At that time she had not held possession long enough to perfect title by limitation to the entire survey. It is further shown by the evidence that the 200-acre tract had been segregated from the balance of the survey prior to the time that she moved thereon. In these circumstances her possession prior to the segregation of the two tracts could not be added to her possession of that tract in order to complete the ten years' adverse possession of said tract necessary to give her title thereto by limitation. But such holding cannot affect the disposition of the appeal, because the plaintiff, having failed to show any title, was not entitled to recover, regardless of the failure of defendants to show title. The findings of the jury against plaintiff's claim of title by limitation are fully sustained by the evidence, and are not complained of by any assignment presented in appellant's brief, and it is not contended that plaintiff has any record title. Neither party having shown any title, and plaintiff not having shown such prior possession as would entitle him to recover as against a naked trespasser, no other judgment than one in favor of the defendants could have been properly rendered. Hooper v. Hall, 35 Tex. 82; Chinn v. Taylor, 64 Tex. 385; Maverick v. Flores, 71 Tex. 110, 8 S. W. 636; Jones v. Lee, 41 S. W. 195; Staley v. King Bank & Mercantile Co., 144 S. W. 308.

[5] The trial court did not err in permitting the defendant Mrs. Huff to testify that after the death of her mother she and her brother agreed verbally upon a partition of the Penny survey by which she was to have the 200 acres in controversy. Mrs. Huff was not claiming the land as an heir of her brother, and article 3690 of the Revised Statutes 1911 has no application.

[6] The fact that appellant purchased the land without any notice of this agreement would not render evidence of the agreement inadmissible. Mrs. Huff acquired no title by the partition agreement. At the time it was made her mother's possession had not ripened into title, and neither she nor her brother had any title to the land which they agreed to partition between them, and, as before stated, we agree with appellant that the evidence is insufficient to support the finding that any title by limitation was ever acquired by Mrs. Huff. W. A. Suggs never had title nor apparent title to the land, and plaintiff, therefore, acquired neither title nor apparent title by his purchase, and, for that reason, his want of notice of the verbal agreement to partition was immaterial, and he could not acquire title as an innocent purchaser for value, without notice, to any portion of the land. Waggoner v. Dodson, 96 Tex. 422, 73 S. W. 517.

This disposes of all of the questions presented by appellant's brief. It follows from the views above expressed that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.