### COPPARD v. STANUSH. (No. 7085.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 30, 1924.)

1. **Adverse possession** ⊚⟿45—Bankruptcy proceedings against owner interrupts adverse possession by another.

The filing of a petition in bankruptcy interrupts adverse possession by another of bankrupt's property, the property, during bankruptcy, being in the custody of the federal District Court under the Bankruptcy Act (U. S. Comp. St. §§ 9585–9656).

2. **Bankruptcy** ⊚⟿303(1)—Claimant had burden of showing possession for required period before interruption by legal proceedings.

In an action by a trustee in bankruptcy to recover land to which defendant claimed to have acquired title by adverse possession, the defendant had the burden of proving adverse possession for the required period before bankruptcy proceedings were instituted.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by M. Coppard against William Stanush. Judgment of nonsuit, and plaintiff appeals. Reversed and rendered.

Arnold & Cozby, of San Antonio, for appellant.

A. L. Matlock and George W. Huntress, both of San Antonio, for appellee.

FLY, C. J. This suit was instituted by the appellant, trustee in bankruptcy, for the estate of the Emmet Bank, against appellee, to recover a certain tract of land, lying partly in Atascosa county and partly in Bexar county, patented to Enoch Jones in 1884. Appellee pleaded not guilty, statutes of limitation of three and ten years, and that he had purchased 93 acres of the land in Atascosa county at a tax sale. Appellant filed a supplemental petition, alleging that he had tendered appellee double the amount paid by him at the tax sale, which he had refused, and appellant tendered said sum into court. The cause was heard by the court and judgment rendered that appellant take nothing by his suit.

The court filed his conclusions of fact,

---

which, with such emendations as are deemed pertinent by this court, are adopted, as follows:

"The Emmet Bank was a partnership composed of Thos. L. Conroy and others; and a good record title to said 640 acres of land was vested in the said Thos. L. Conroy, as trustee, in trust for the Emmet Bank, on and after June 29, 1914. The said partnership known as the Emmet Bank was thereafter duly adjudicated a bankrupt, by the District. Court of the United States for the Western District of Texas, at San Antonio, on May 6, 1919, and the record title to said land thereupon vested in the bankrupt estate. The plaintiff, M. Coppard, was thereafter, on July 11, 1919, duly elected and appointed as trustee of the estate of the Emmet Bank, bankrupt, and duly qualified as such on said same date, and is still acting as such trustee; and said trustee in his official capacity as such, at all times claimed said land, and was duly authorized by the bankruptcy court to institute and maintain this said suit.

"On January 1, 1910, the defendant William Stanush took possession of said land for the first time, and fenced the same, and began using the same as a pasture for his stock; and from and after said date the said William Stanush had the open, notorious, continuous, peaceable, and adverse possession of said land, keeping the same inclosed by a fence, and using and enjoying the same, and claiming the said land, up to May 6, 1919, the date on which the Emmet Bank was adjudicated a bankrupt, a period of nine years, four months, and five days, and said defendant thereafter continued on in possession up until the present time, this suit, however, having been instituted by the plaintiff on May 11, 1920, a period of ten years, four months, and ten days after the date the defendant so first went into possession.

"Approximately 93 acres of said land, as described in defendant's answer, is situated in Atascosa county; the remainder thereof being situated in Bexar county. At a tax sale under a foreclosure judgment against unknown owners, in favor of the state of Texas, held on May 7, 1918, the 93 acres so situated in Atascosa county were conveyed to the defendant William Stanush, by the sheriff of Atascosa county, by sheriff's deed dated May 7, 1918, and the consideration paid by the said Stanush therefor was $275; thereafter, within two years after said date, on, to wit, May 6, 1920, the plaintiff, M. Coppard, trustee, duly tendered, in legal tender, to the said Stanush the sum of $550 in redemption of said land, which said tender was refused by the said Stanush.

"The reasonable rental value of the said land was 20 cents per acre per annum, and the said reasonable rental value thereof, for the period of time from May 6, 1920, to the date of this judgment, would be $403.50; and deducting this sum from the $550, which would otherwise be required to be paid by the plaintiff to the defendant, to redeem said 93 acres from the tax sale, had the plaintiff recovered judgment herein, would leave a net sum of $146.50, which the plaintiff would have been required to pay to the defendant, by reason of said tax sale, had the plaintiff recovered a judgment against the defendant for the 640 acres of land involved in this suit."

In addition to the foregoing, the court found as facts the following, although they might properly be classed as conclusions of law and fact:

"There is now, and has been since the year 1898, a federal statute in existence, as set out in the United States Revised Statutes, governing the law of limitations to suits by and against a bankrupt estate, reading as follows: 'Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed.' The bankrupt estate of the Emmet Bank has not yet been closed. Said federal statute was not specifically pleaded by the plaintiff in avoidance of the defendant's plea of the ten years' statute of limitations under the laws of Texas; and for this reason only the plaintiff was not entitled to take advantage of said federal statute, which was in fact applicable to the facts in this case, and which would otherwise have suspended and superseded the ten-year statute of limitations and adverse possession relied on by the defendant; and such facts existed as would have entitled the plaintiff to recover a judgment against the defendant in this case had the plaintiff pleaded the federal statute of limitations, relating to bankrupt estates and suits by and against trustees in bankruptcy; and the defendant had no record title to any part of the land involved in this suit, excepting such record title as he acquired by virtue of the tax sale to him of the 93 acres. After the evidence had been introduced upon the trial of this case, and after both sides had rested, during the course of the argument of counsel, but before any judgment had been rendered by the court, the plaintiff presented to the court and asked leave to file his second supplemental petition and trial amendment, specially pleading in proper form the federal statute of limitations above referred to, in avoidance of the defendant's plea of limitations under the Texas statutes, and the court in the exercise of its discretion refused to grant the plaintiff leave to file said additional pleading, and declined to consider the same, and thereafter rendered a judgment for the defendant."

The court concluded as a matter of law:

"That the Emmet Bank had a good record title to said property, and that upon said Emmet Bank being adjudicated a bankrupt on May 6, 1919, said title passed to and vested in the bankrupt estate, and that up to that time the title of the defendant, William Stanush, had not been perfected by the ten years' statute of limitations nor otherwise; and I further conclude that, as a matter of law, the state statute of ten years' limitation and adverse possession was in fact suspended and superseded by the federal statute of two years' limitation relating to bankrupt estates and suits by and against trustees in bankruptcy; and I further conclude that, had the plaintiff specially pleaded said federal statute of limitations in avoidance of the defendant's plea of the state statute of limitations of ten years, that the plaintiff would have been entitled to a judgment for the title and possession of said land and for recovery of the reasonable rental value thereof for the period of time from May 6, 1920, to date of said judgment, and costs of court, and that the

amount representing the value of the rents should have been offset against the $550 which the plaintiff would have been required to pay to the defendant to redeem the 93 acres from the tax sale, and that the plaintiff would have been required to pay the balance into the registry of this court for the benefit of said Stanush, in accordance with the findings of fact above set out."

It has been held in a number of cases that the filing of a petition in bankruptcy placed the property of the bankrupt in custodia legis. The Supreme Court of the United States, in the case of Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, by Chief Justice Fuller, said, in speaking of the Bankrupt Law of 1898 (U. S. Comp. St. §§ 9585–9656), the one now in force:

"It is as true of the present law as it was of that of 1867, that the filing of the petition is a caveat to all the world, and in effect an attachment and injunction; * * * and on adjudication, title to the bankrupt's property became vested in the trustee, * * * with actual or constructive possession, and placed in the custody of the bankruptcy court."

In the case of Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208, the language of Judge Fuller is quoted with approval, and it was further held:

"It is the purpose of the Bankruptcy Law, passed in pursuance of the power of Congress to establish a uniform system of bankruptcy throughout the United States, to place the property of the bankrupt under the control of the court, wherever it is found, with a view to its equal distribution among the creditors. The filing of the petition is an assertion of jurisdiction with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the filing of the petition."

In the case of Ledgerwood v. Dashiell, 177 S. W. 1010, decided by this court, the case last cited was approved, and liberal quotations made therefrom, and an application for a writ therein was refused by the Supreme Court of Texas.

[1] It being settled that when the bankruptcy proceedings were begun, in 1919, before the ten years' limitation pleaded by appellee had expired, the land in question passed into the possession of the law and was held by the trustee in bankruptcy as against the claims of any one. However adverse may have been the possession of appellee of the land up to the time of filing the petition in bankruptcy, prior to May, 1919, that possession was interrupted at that time and the land passed into the custody of the United States District Court. Appellee could no longer claim the land as his because it was held by the court, and the filing of the petition took the land from the possession of appellee and placed it in the hands of the law. Wood on Limitations (4th Ed.) § 253g, p. 1209; Killebrew v. Stockdale, 51 Tex. 529; Wofford v. Unger, 53 Tex. 325; Kopplin v. Ludwig (Tex. Civ. App.) 170 S. W. 105; Lazarus v. Prentice, 234 U. S. 263, 34 Sup. Ct. 851, 58 L. Ed. 1305.

As said in the case last cited, the filing of the petition and adjudication in the bankruptcy court in New York brought the property of the bankrupts, wherever situated, into custodia legis, and it was thus held from the date of the filing of the petition.

[2] Appellant alleged that he had been appointed trustee in bankruptcy for the Emmet Bank, and had qualified as such, and in order to prove a title by ten years' limitation it devolved upon appellee to show that the time of adverse possession had elapsed before the bankrupt proceedings were begun. Appellee asserted ten years' prescription, and it devolved on him to prove it. When he failed to show ten years had elapsed before the bankruptcy proceedings were begun, he failed to show ten years' peaceable, adverse possession, for the bankruptcy proceedings placed the land in the custody of the law and appellee's possession was arrested. The law stayed limitation just as it did when it declared that the war between the states should stay the statute, which law it was not incumbent on the adverse party to plead. Hutchins v. Flintge, 2 Tex. 473, 47 Am. Dec. 659; Maverick v. Flores, 71 Tex. 110, 8 S. W. 636.

The judgment is reversed and judgment here rendered that appellant, M. Coppard, trustee in bankruptcy of the Emmet Bank estate, recover of appellee the land described in the petition, that appellee recover of appellant the sum of $18.50, being the difference between double the amount of money paid by appellee to the sheriff at the tax sale, that is, $550, tendered into court by appellant, and the sum of $531.50, the amount of rental due by appellee on the land to January 30, 1924, the date of this judgment, at 20 cents an acre from May 6, 1920, and that appellee pay all costs in this behalf expended.