## COLLINS et al. v. JONES et al.
### No. 2668.

Court of Civil Appeals of Texas. Beaumont.
Jan. 28, 1935.

Rehearing Denied Feb. 6, 1935.

V. A. Collins, of Livingston, for appellants.
McGee & Head, of Kilgore, for appellees.

O'QUINN, Justice.

Appellants sued appellees in trespass to try title to 100 acres of land, a portion of the J. W. Moreland survey in Polk county, Tex. The 100 acres is known as the M. F. Collins, or "Coon Collins" place. Appellants are the heirs of M. F. Collins. They asserted title to the land by deed duly registered, and also by the statute of ten years' limitation elapsing after March 17, 1914.

Appellees claimed title to the land under a sheriff's deed executed by virtue of an execu-

tion and sale of the land under a judgment of the justice court of precinct No. 1 of Polk county, Tex., in favor of C. J. Gerlach & Bro. against M. F. Collins, dated May 7, 1913. Appellees also claimed title under a judgment in the case of M. F. Collins v. C. J. Gerlach & Bro., rendered in the district court of Polk county, Tex., March 17, 1914.

The case was submitted to a jury upon special issues, which the jury answered mainly in favor of appellants, but on motion for judgment non obstante veredicto the court rendered judgment for the defendants for the land, less 1.7 acres which, on the verdict of the jury, was adjudged to appellants on their limitation claim. Motion for a new trial was overruled, and appellants bring this appeal.

We overrule appellants' contention that the judgment in the justice court, precinct No. 1, Polk county, of date January 28, 1913, in the case of C. J. Gerlach & Bro. v. M. F. Collins, being the judgment on which execution was issued and the land sold, was void because the judgment on its face showed that it was a judgment to revive by scire facias a dormant judgment of said justice court rendered in 1904; there being no authority, appellants insist, to revive a dormant judgment of a justice court.

The record reflects that on June 27, 1904, C. J. Gerlach & Bro. recovered judgment against M. F. Collins in the justice court of precinct No. 1 of Polk county, Tex., for $165; that said judgment was not satisfied; and that no execution was issued thereon within twelve months after its rendition. On January 28, 1913, scire facias to revive said judgment was duly filed by C. J. Gerlach & Bro. in said court, and citation issued to defendant M. F. Collins returnable to the February term of said court, which was returned duly served on February 5, 1913. On February 24, 1913, said revival action was duly heard and judgment reviving said judgment and ordering execution thereon duly rendered. Execution was issued on April 3, 1913, and levied on the land in controversy on April 7, 1913, and after due advertisement the land was sold on May 6, 1913, to C. J. Gerlach & Bro., and deed executed to them therefor. As stated, appellants insist that the judgment of the justice court reviving its former dormant judgment was void because no authority existed to revive a justice court judgment. This contention is based upon article 5532, R. S. 1925, which reads: "A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

██ It is urged that as a justice court is not a court of record, and there is no other statute expressly authorizing the revival of dormant judgments rendered in justice courts, the scire facias reviving same was without authority and the judgment of revival void.

In 1866 the Legislature of the state of Texas passed a law relating to dormant judgments and regulating the issuance of executions out of the justice courts. It was but reenacting the provisions of the law relating to the subject in Paschal's Digest of Texas Laws. It appeared in the Revised Statutes of 1879 as article 1634, and read: "Art. 1634. If no execution is issued within twelve months after the rendition of the judgment, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived; but where the first execution has issued within the twelve months, the judgment shall not become dormant unless ten years shall have elapsed between the issuance of executions thereon, and executions may issue at any time within ten years after the issuance of the preceding execution."

This statute was brought forward in the several revised statutes, without change, until it was amended by the Acts of the 42d Leg. 1931, c. 240, p. 394, section 1, and as amended appears as article 2451, Vernon's Ann. Civ. St. art. 2451. The change in the statute makes the state of dormancy to occur if no execution is issued within ten years after rendition of the judgment instead of one year, as was provided in the old law. This conforms with the provisions of article 3773, as amended by Acts 1933, c. 144 (Vernon's Ann. Civ. St. art. 3773), applying to judgments rendered in courts of record.

We think article 2451 (1634), supra, authorizes the revival of dormant justice court judgments, and, as there was no specific method of procedure provided for such revival, the method prescribed in article 5532 for courts of record applies, as the law provides that, in the absence of specific rules for the procedure in justice courts, the rules governing same in district and county courts shall apply. Articles 2438 and 2452, R. S. 1925. Moreover, as article 2451 provides that execution may issue out of justice courts on dormant judgments of said courts where same have been revived, the fact that the method of revival was not prescribed leaves the judgment owner without remedy unless the proce-

dure controlling in courts of record applies, which very contingency we hold is supplied by the authorized rules for courts of record; district and county courts. It is not the policy of the law that one having a legal right shall be wholly without a remedy for the enforcement of that right. The judgment was properly revived by scire facias as provided in article 5532.

Furthermore, while the dormant judgment here in question was properly revived, and the revived judgment in all things authorized and supported the execution issued and the sale of the land máde by virtue thereof, yet if it could be said that the sale was made under a dormant judgment, said judgment was not because of its dormancy void, nor would a sale made by virtue of it be void, but only voidable, and such sale could not be collaterally attacked, as is here done, but must, if at all, be attacked by a direct proceeding instituted for that purpose. Taylor v. Doom, 43 Tex. Civ. App. 59, 95 S. W. 4; Maverick v. Flores, 71 Tex. 110, 8 S. W. 636; Hawley v. Bullock, 29 Tex. 217, 225; Bludworth v. Poole, 21 Tex. Civ. App. 551, 53 S. W. 717; 26 Tex. Jur. § 603, pp. 459, 460.

What we have said disposes of appellant's proposition that the deed executed by the sheriff to C. J. Gerlach & Bro. to the land was void because made by virtue of an execution and sale issued upon a revived dormant judgment of the justice court which itself was void.

After the land was sold and sheriff's deed executed to C. J. Gerlach & Bro., on May 6, 1913, M. F. Collins, on August 1, 1913, filed suit against said C. J. Gerlach & Bro. in the district court of Polk county in trespass to try title to said land, asserting title to the land, that he was a married man with a family and the land constituted his homestead, and that said sale under execution was void because the judgment and execution under which the sale was had were wholly void, and prayed judgment for the title to the land, that the sale be set aside and the sheriff's deed be canceled, and for general relief. The defendants answered this suit by general demurrer, special exception, general denial, plea of not guilty, and plea over against the plaintiff, M. F. Collins, and prayed for judgment quieting their title to the land, and removing cloud therefrom, writ of possession, costs of suit, and general relief. March 17, 1914, the case was regularly called for trial, and the plaintiff, M. F. Collins, took a nonsuit. The defendants announced ready upon their cross-action and plea over against the plaintiff, and same was tried to the court and judgment rendered in favor of the defendants and against M. F. Collins for the title and possession of the land. This judgment was not appealed from nor in any manner ever set aside or questioned until in the instant suit by the heirs of M. F. Collins, appellants here.

Appellants' third assignment of error challenges as error the ruling of the court in permitting the introduction in evidence of said judgment on the ground that, M. F. Collins having taken a nonsuit, the pleadings of the defendants were not sufficient to give the court jurisdiction to render judgment for them on their cross-action, wherefore said judgment was void.

A careful consideration of the pleadings convinces us that the plea in cross-action and for affirmative relief was sufficient to invoke the action of the court and to support the judgment. The judgment of March 17, 1914, divested all title to the land out of M. F. Collins, and invested same in C. J. Gerlach & Bro. The judgment was not void, and was not appealed from. The cavil here is as to the sufficiency of the plea over against the plaintiff to constitute a cross-action by defendants upon which a judgment could be entered. The plaintiff filed replication to the answer and plea of the defendants, and only denied the allegation in said answer that plaintiff had abandoned the land as his homestead. There was no exception to the sufficiency of the plea as a cross-action to support the judgment. Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056; Nunez v. McElroy (Tex. Civ. App.) 184 S. W. 531. But, in any event, there was no appeal from said judgment and same has not in any manner been set aside, or changed, but still stands as the final pronouncement and judgment in said cause. The attack here made on said judgment by appellants is collateral, and so cannot be maintained.

The jury found in answer to a special issue that appellants either in person or by tenants had and held peaceable and adverse possession of some portion of the land in controversy, cultivating, using, and enjoying the same for a period of ten years subsequent to March 17, 1914 (the date of the judgment in the trespass to try title suit of M. F. Collins v. C. J. Gerlach & Bro.), and prior to December, 1928. Appellants say that upon this verdict they should have had judgment for the land, and that the court erred in refusing their motion for judgment, and in rendering judgment for appellees.

On May 6, 1913, M. F. Collins was the record owner of the land. On that date sale un-

der execution of the land was made to C. J. Gerlach & Bro. August 1, 1913, M. F. Collins sued C. J. Gerlach & Bro. in trespass to recover title to the land alleging the sale was void. Judgment in said suit was rendered against Collins and in favor of C. J. Gerlach & Bro. for the land on March 17, 1914. Appellants' assignment under discussion is that after the rendition of this judgment, he and his tenants held peaceable and adverse possession of the land, using and enjoying the same for ten years from said date and prior to December, 1928, and, the jury so finding, judgment should have been for them for the land. The record shows that about 1890 M. F. Collins became the owner of the 100 acres of land. That in November, 1908, he moved from the land into Trinity county, Tex., where he remained for several years, and then moved to Houston county, where he died. He had a residence and a farm of some ——— acres fenced in when he moved from the premises. He left his nephew, Jim Collins, who lived on an adjoining tract of land, in charge of the place. Jim Collins cultivated some six acres of the land for several years, and stored agricultural products on the premises. Jim Collins, with M. F. Collins' consent, cleared some 1.7 acres of the M. F. Collins land just across his own line; fenced and used same until he left his place in December, 1928. He also exercised his agency for M. F. Collins and rented the home place to tenants for several years after the judgment of March 17, 1914. But it appears that the Gerlachs, with an officer, dispossessed one of the persons Jim Collins had placed on the premises, and that in 1915, 1916, 1917, and 1918, persons, at different times, occupied the premises as tenants of the Gerlachs and of M. C. Meadows to whom the Gerlachs sold the land on October 17, 1917. Meadows sold the old Collins residence house on the land to Ed Duff in the fall of 1919, and in February of 1920 he entered upon the premises and tore the house down and moved the material off the land. It does not appear that any other person occupied or used the land from that date other than the 1.7 acres that Jim Collins had fenced adjoining his place, which he continuously held and used until he moved away in December, 1928. The entry of the different persons under authority of the Gerlachs and of their vendee, Meadows, broke the possession of appellants, and that of Duff, who bought the house from Meadows, in February, 1920, being within less than ten years from the date, December, 1928, when Jim Collins ceased to use or control the land, appellants were remitted to the 1.7 acres actually enclosed and used by Jim Collins for the statutory period, and the court did not err in rendering judgment against appellants for the land other than the 1.7 acres which was awarded to appellants on their verdict of the jury.

No error being shown, the judgment should be affirmed, and it is so ordered.

Affirmed.